*Certiorari* to the Sessions of Montgomery County, to remove all proceedings respecting a Road in Hatfield Township, leading from Myers's Road to Allentown Road.

No proceedings can be pursued under a repealed statute, though begun before the repeal, unless by a special clause in the repealing act.  Therefore, under the act of 6th April 1802, respecting roads, proceedings under former laws thereby repealed, cannot be continued.

IT appeared by the record, that in May sessions 1801, the original petition had been presented for the road, upon which viewers were appointed.  In August 1801, the viewers reported a public road by courses and distances, which was confirmed *nisi;* but on a petition for a review, reviewers were appointed. In November 1801, the reviewers reported, that they had viewed and agreed to the former return, but a petition was presented to quash their proceedings.  In February 1802, the report of the reviewers was quashed for irregularity in not giving notice, and other reviewers were appointed.  In May 1802, the second reviewers reported, that they had viewed, and found no road there to be necessary ; but on a petition for a re-review, the same was granted.  In August 1802, the re-reviewers reported, that they had viewed the track of the road as formerly surveyed, and had heard the parties for and against it, and were of opinion, that there ought to be a public road there 33 feet wide, and recommended the same, which said road was then confirmed by the sessions.

4 YEATES—24

[Hatfield Township Road.]

The following exceptions were filed against the road :

1st. No place of beginning and ending was designated in the original petition and order.

2d. The first return does not accurately fix the beginning.

3d. No power was given to the reviewers to vacate the first return.

4th. No courses and distances are inserted in the last return.

5th. The width of the road was not directed by the court.

6th. No draft or plot accompanied any of the returns.

7th. The proceedings were under the former laws, and no *provision is made by the act of 6th April 1802, to continue proceedings under the old laws.

*393]

The case was argued on the 13th September 1804, by Messrs. Rawle and Milnor, in support of the road, and by Messrs. T. Ross and Frazer, against it ; but the court being then equally divided, no judgment was given. The argument was resumed on the 25th March 1807, by the same counsel.

The counsel for the reversal of the order of sessions, relied upon the 4th, 6th and 7th exceptions, and withdrew the others. They insisted, that the full extent of the 4th and 6th exceptions, was warranted both by the spirit and letter of the act of 6th April 1802. 5 St. Laws 178. Under the 1st section it is directed, that the report of the road, whether public or private, shall state the courses and distances, together with a plot or draft thereof. But here there are plain defects in all these particulars ; nor is there any sufficient reference to a survey, or other certainty.

The 25th section of the act repeals all laws theretofore enacted for the laying out, opening, making, amending or repairing of public or private roads. It was in operation in May sessions 1802, when the second set of reviewers made a return, and when the court appointed re-reviewers. But the sessions proceeded under the old laws, as if they were in full force. This was illegal ; and whatever may be conjectured of the intention of the law makers, there is certainly no special clause, enabling the sessions to continue the proceedings under former acts, after the repeal. This appears to be necessary by 1 H. H. P. C. 291. And Miller's case in 1 Bla. Rep. 451, is very analogous to the present. It was there determined, that no proceedings can be pursued under a repealed statute, though begun before the repeal, unless by a special clause in the repealing act. Indeed the rule has been laid down, that where one statute is repealed by another, the acts done in the mean time are valid, but not if a statute be declared null. Jenk. Cent. 233, pl. 6. The words of the law here are, that the former acts are repealed and made void. In the case of the United States v. Thomas Passmore, Judge WASHINGTON held, that he could not be proceeded against for perjury under the bankrupt law, after it was repealed ; though the offence was committed while that act was in force. It

[Hatfield Township Road.]

cannot be said, that any civil right attached here, until the road was confirmed by the sessions.

In support of the road, it was answered, that the court in judging on the returns of roads, would not be critically nice. Even verdicts will be worked into form, where the intent of the *jury is manifest and plain.   2 Burr. 699, 700.   1 Dall. 246.   The return of the re-reviewers evidently refers to [*394 the return on the view, which specified the courses and distances of the road.   In August 1801, no draft was necessary on the return of a road by viewers ; and under the late act there is no necessity for such a draft on a report of reviewers.   The 22d section of the act impowers the court to grant a review at the expence of the parties applying ; and it pursues many of the provisions made by the former road laws.   The 2d and 19th sections in particular contain references of this kind.   Besides, may it not be said, as was insinuated by the chief justice during this term, in the case of the Aston township, Delaware road, that the clause, respecting the plot of the road equally with the improvements interfered with, is barely directory and not imperative.   Whether the track of a road is straight or crooked, may be judged of by the courses and distances, as well as by inspection of the draft ; though it may not be so obvious immediately to the eye.

The new act undoubtedly repeals the ancient laws upon this subject *quodam modo ;* but it by no means vacates all proceedings had under them, upon which the sessions had made no final order.   Here had been a view and review and new reviewers were appointed before the law passed.   The adversaries of the road, by the return of their reviewers to May sessions 1802, admit the jurisdiction of the sessions as to unfinished business, begun on the former institutions.   In Passmore's case, cited on the other side, Judge WASHINGTON laid down the rule, that civil rights vested under a law before it was repealed, could not possibly be affected by its repeal.   Here the report on the first view was confirmed *nisi*, under which a right attached in the petitioners, who applied for the road.   In Miller's case cited, the jurisdiction was wholly gone.   The observation in Jenkins, cannot be sound law, if it is meant thereby, that upon a statute being declared null and void, all acts done in pursuance of it, are thereby avoided.   It would be repugnant to reason and common sense.   Adopt the rule laid down in Plowd. 467, and suppose the law makers present, and that they were asked the question, whether they intended, when they enacted the law of 6th April 1802, to nullify thereby all proceedings under the former acts, to whatever extent they had gone, before final sentence thereon ?  Would they not answer at once ?  God forbid !  Such an idea never entered our minds !

TILGHMAN, C. J.   I shall give my opinion on one point only ; because it will decide this cause.   I mean on the 7th exception ;

[Hatfield Township Road.]

which is, that all former road laws having been repealed by the 25th section of the act of 6th April 1802, the court of Montgom-ery *county had no authority to continue the proceedings, *395] which were instituted prior to the passing of that act.

The authority to lay out roads is not naturally incident to courts of justice, and was therefore vested in them by particu-lar acts of assembly. If the laws vesting this authority had been repealed, and the power had been given to another body, it would have been clear, that the courts would have been ousted as to all further proceedings, on unfinished business relating to roads. But the repeal of all former laws must have the same effect on unfinished business, whether the authority under the new system is vested in the same court, or in a different body. The repealing clause in this act of assembly is as comprehen-sive as possible. "All laws heretofore enacted, for the laying " out, opening, making, amending or repairing public or private " roads or highways, &c. are hereby repealed and made void."

I agree with Judge WASHINGTON, in the principle said to be laid down in Passmore's case ; that all civil rights vested during the continuance of a statute, shall remain, after the statute is repealed. But here was no vested right. A petition had been presented for a road. Proceedings were had upon it ; but be-fore the court made a decision, the law under which they derived their authority was repealed. I do not suppose, that the legis-lature intended to produce this consequence. I have no doubt, but it was an oversight in drawing the repealing clause ; but we have no power to supply omissions.

I am of opinion, that the proceedings of the court of Mont-gomery county were irregular, and that they may be reversed.

YEATES, J. We are not at liberty to indulge ourselves in con-jectures, what was the intention of the legislature, in the repeal-ing section under consideration. We are bound to collect their meaning from the words they have made use of, by certain set-tled known rules of construction. Miller's case, cited from 1 Bla. Rep. 451, seems to me strongly in point. There the juris-diction had attached in the justices, under the insolvent debtor's act of 1 Geo. 3. He was compelled to give up his effects, and he signed and swore to a schedule; but his discharge was adjourned till the next sessions. The compelling clause was repealed in the succeeding year ; and the Court of King's Bench say, noth-ing is more clear, than that the jurisdiction is now gone. The rule is perfectly well settled, that offences committed against a statute while in force, cannot be punished after the statute is repealed, without a special clause for that purpose, in the latter statute. I concur in the reversal of the order of the sessions.

BRACKENRIDGE, J. I was of opinion at the last argument, *the act of assembly of 6th April 1802, continued the *396] proceedings begun under the former laws : I cannot sup-pose that the legislature intended to annul the proceedings, which

had taken place under existing laws. I rather doubt at present; but I am strongly disposed to affirm the order of sessions confirming the road.

Order of the sessions reversed.

Referred to 5 Rawle 340 as an illustration of a case of hardship, where the law, under which proceedings had been begun, was repealed, without any saving clause.

Cited in 3 Watts 518 to shew that no proceeding can be pursued under a repealed statute, though begun before the repeal, unless by a special clause in the repealing act. Cited for a similar purpose in 1 Watts 384; 24 Pa. 57; 43 Pa. 142.