# Commonwealth *against* Beatty.

A remedy having been provided by statute, proceedings were instituted under it, but during their pendency the statute was repealed; held, that the remedy was thereby taken away; and any further proceeding to enforce it illegal.

CERTIORARI to the quarter sessions of *Dauphin* county.

At January sessions 1830, *George Beatty* and others presented their petitions to the court, praying the appointment of viewers to assess damages done to their lands by the construction of the Pennsylvania canal, in pursuance of the act of assembly of the 9th of April 1827; and the viewers were appointed. On the 6th of April 1830, an act was passed repealing the act of the 9th of April 1827, and providing another mode of proceeding to ascertain damages. In these cases the viewers met and made report, on the 16th of April 1830, in favour of the petitioners, which were subsequently confirmed by the court, and removed to this court by *certiorari*. The exception made here was, that the further proceedings according to the provisions of the act of 1827, after its repeal, were illegal.

*Foster*, for the commonwealth.
*Elder*, contra.

The opinion of the Court was delivered by

KENNEDY, J.—The records of the proceedings in these several cases were removed and certified into this court, in obedience to four several writs of *certiorari*, issued out of the same, directed to the quarter sessions of Dauphin county. From the records it appears that the defendants in error respectively presented their petitions to the court of quarter sessions of Dauphin county, at January sessions 1830, praying the appointment of viewers, according to the provisions of an act of assembly passed the 9th day of April 1827 enti-

tled " an act to provide for the further extension of the Pennsylvania canal," to view the lands described in their respective petitions, of which they alleged they were the owners; and complained that they were injured and damnified by reason of the said canal, which had been completed through the same, and to report the amount of the damages, if any, which they respectively had sustained. Viewers were accordingly appointed by the court, who, after having viewed the premises set forth in the respective petitions and recited in the orders of the court, made reports in favour of the complainants for damages in each case, dated in three of them on the 16th and in the fourth on the 17th of April 1830.

The last error or exception, which is considered fatal to the reports of the viewers and the proceedings thereon in these cases, is the only one upon which we shall give an opinion, it being unnecessary to notice the others.

This exception is, that an act of the legislature was passed the 6th of April 1830, a few days before the reports of the viewers were made, entitled " an act relative to the appointment of canal commissioners," which, among other things, took away all power and authority from the court of quarter sessions, and from the viewers, to act or do any thing whatever in such cases after that date.

By the fifth section of this last act, it is enacted, " that in cases where injury or damage *has been* done or *may be* done to private property, by reason of the Pennsylvania canal or railroad passing through the same, &c., it shall be the duty of the canal commissioners to ascertain, as nearly as may be in their power, the amount of damages actually sustained, and to make an offer of such sum to the person or persons aggrieved as they shall think reasonable, &c. ; and if the same should not be accepted, &c." then the right of appeal to a board of appraisers, which the governor by the sixth section of the act was required to appoint immediately upon its being passed, is given, whose duty it shall be " justly and equitably to assess the damages sustained by such person, in the manner directed by the existing laws, whose determination thereon shall be final." By this act the power to assess the damages, as well for injuries done previously to its passage as subsequently, is expressly given to the canal commissioners; and in case the party aggrieved should not be satisfied with their offer, then the amount or sum to be *finally* determined by the board of appraisers : thus taking away all right to petition the court of quarter sessions of the county, and also all right in that court to appoint viewers, or even to approve the reports. of viewers which had been made to them or might thereafter be made by viewers who had been appointed under the act of 1827 anterior to this last act of the 6th of April 1830. There is no saving clause contained in this last act providing for carrying on and completing the proceedings then commenced and still pending under the act of the 9th of April 1827, or any prior act for assessing damages ; but by its terms it came into full operation immediately

[Commonwealth v. Beatty.]

after its passage, declaring in the close of the ninth and last section, that "so much of any act as is thereby altered or supplied is repealed." Neither can I believe that this is to be attributed to inadvertence or oversight on the part of the legislative body. On the contrary, I feel satisfied that it was so intended ; for cases of damages are expressly mentioned in the close of the sixth section of this act, where it is "provided that nothing therein contained shall be construed to prevent the board of commissioners from compromising all cases of *damages then pending in court*," showing demonstratively that cases such as these now before us were within their view, and not overlooked.

At the time the viewers assessed and reported the damages in these cases, it is clear, then, there was no law authorizing them to do so ; nor was there any law in being at that time or afterwards which authorized or gave power to the court of quarter sessions to approve the reports or to confirm them in any way. All jurisdiction and authority of that court in such cases was repealed and taken away by the act of the 6th of April 1830 : hence all the proceedings subsequent to that time, although done only for the purpose of finishing what had been previously and rightfully commenced, are irregular, and must be quashed. This conclusion seems to be in perfect accordance with reason, and is amply sustained by authority ; see *Miller's case,* 1 *Bl. Rep.* 451 ; *S. C.* 3 *Burr.* 1456 ; and the proceedings in laying out a road under certain acts of assembly which were repealed before the proceeding was completed ; 4 *Yeates* 392.

The proceedings in each of these cases are therefore quashed.