## Abbott *against* The Commonwealth.

The repeal of a statute pending a proceeding under it, puts an end to the further prosecution of it, unless there be a saving clause in the repealing act.

ERROR to the quarter sessions of *Westmoreland* county.

This was an indictment against Thomas D. Abbott for betting on an election, contrary to the act of assembly of the 24th of March 1817. On the first of June 1839, there was judgment on demurrer against the defendant. On the 2d of July 1839, the law under which the defendant was prosecuted, was repealed. On the 19th of August 1839, the defendant was sentenced; and the question was, whether the sentence was legal. The court below determined it was.

*Beaver*, for plaintiff in error.
*Foster*, for defendant in error.

VIII.—2 T*

[Abbott v. The Commonwealth.]

The opinion of the Court was delivered by

Rogers, J.—A proceeding which is imperfect when a law under which it was begun expires, can not be perfected; what is done afterwards is void. Steaver v. Immell, 1 *Watts* 258. No proceeding can be pursued under a repealed statute, though begun before the repeal, unless by a special clause in the repealing act. 4 *Yeates* 392; United States v. Passmore, 4 *Dall.* 373. When an act of assembly directed that from and after the passing of the act, no person shall be subject to prosecution by indictment for a particular offence, at common law, it was held that it put an end to a prosecution for that offence, commenced and carried to conviction before the passing of the act, but in which no judgment had been pronounced. Commonwealth v. Duane, 1 *Binn.* 601. And this is the case, not only where the latter act expressly repeals the former, but where its provisions are inconsistent with the former, though there be no annulling words or repealing clause; so every affirmative statute is a repeal, by implication, of a precedent one, so far as it is contrary thereto, although there be no negative words. 14 *Serg. & Rawle* 420, and the authorities there cited. This was an indictment under the act of the 24th of March 1817—an act to prevent the practice of wagering or betting on elections. The indictment was found to May sessions 1839, and sentence was passed the 19th of August following, but in the intermediate time, viz. on the 2d of July 1839, the legislature passed the act relating to elections; and this act, it is contended, repeals, or is inconsistent with and annuls the act on which the indictment was found. If this be so, then, on the authorities cited, the court of quarter sessions had no power to pass sentence, as there is no special clause which excepts this proceeding from its operation. In the seventeenth section the legislature, after enumerating the acts which they expressly repeal, adds these words: " And all other laws which are hereby altered or supplied by, or are inconsistent with this act, be and the same are hereby repealed." And the question is, whether the one hundred and fifteenth section does not alter and supply, and is not inconsistent with the act of the 24th of March 1817; and of this there can be no doubt. It not only alters the phraseology of the act, but it changes the punishment of the offence from a " fine in a sum not exceeding the whole amount of the sum bet, nor less than twenty dollars," to a " fine of three times the amount bet or offered to be bet." It makes the offer to bet an offence—a provision not contained in the original act. In the one, the prosecution is limited to six months; in the other, it is extended to one year. The latter act, in this particular, is a substitute for the former. It can not be pretended that a person could now be indicted and convicted on the former act, which would in effect be holding that the last act was cumulative only.

Judgment reversed.