Reported by H. J. Makiver, Esq.,<br>Media, Pa.

# McKinny v. Bradford County Commissioners.

A claim filed by an owner of land, having forest or timber trees, of not less than fifty trees to the acre, for 80 per cent. of the taxes paid by him under the Act of May 25, 1897, P. L. 88, not having been pursued to judgment prior to the repeal by virtue of the Act of April 11, 1901, P. L. 77, cannot be enforced.

A proceeding which is imperfect when the Act of Assembly, under which it was taken, expires, cannot be perfected, and what is done afterwards is void, and no proceeding can be pursued under the repealed statute that was begun before the repeal.

CASE STATED—REPEAL OF STATUTE BY A SUBSEQUENT STATUTE BEARING UPON THE SAME SUBJECT—FOREST OR TIMBER TREES—INTERPRETATION OF STATUTE.

No. 214, May Term, 1902, C. P. Bradford County.

Lilley & Wilson, Esqs., for Claimant.

William Maxwell, Esq., for County Commissioners.

Opinion by FANNING, P. J., January 28, 1902.

The facts as agreed to in the agreement for the case stated appear in the opinion of the Court, as follows:

It appears from the case stated that during the year 1897, and continuously to the present, John H. McKinney has been

McKinney v. Bradford County Commissioners.

the owner of 26 acres of land in Litchfield Township, Bradford county, Penna.; that during said period of time said land has had growing thereon forest or timber trees of not less than 50 trees to the acre, and that each of said trees measures at least 8 inches in diameter at a height of 6 feet above the surface of the ground, are in sound condition and have been of said size and condition during said period; and that no portion of said land is absolutely cleared of said trees. That said McKinney has paid all taxes on said 26 acres, county and local, for the years 1897, '98, '99, 1900 and 1901, based on the assessed valuation of $584.48. That on or about August 15th, 1900, said John H. McKinney filed a claim for 80 per cent. of the taxes paid by him on said lands for the year 1899, and on the ────── day of November, 1901, filed a claim for the school taxes for 1897, and all taxes for the year 1898 and 1900, and for all except school taxes for 1901, these being all the taxes levied and assessed on said lands between May 25th, 1897, and March 22d 1901. Said John H. McKinney claims payment from the Commissioners of Bradford county of 80 per cent. of said taxes, a total of $21.19. Said Commissioners deny their liability for said claims under existing laws.

If there is recovery, it must be under the Act of May 25th, 1897, P. L. 98.

The facts do not bring the case under the provisions of the Act of June 1, 1887, P. L. 287, or the Act of April 11th, 1901, P. L. 77. The Act of 1897 provides that "The owner or owners of land having on it forest or timber trees of not less than 50 trees to the acre, and each of said trees to measure at least 8 inches in diameter at a height of 6 feet above the surface of the ground, with no portion of the land absolutely cleared of the said trees," "shall on making due proof thereof, be entitled to receive annually from the Commissioners of their respective counties during the period said trees are maintained in sound condition upon said land, a sum equal to 80 per cent. of all taxes annually assessed and paid upon said lands, or so much of the

said 80 per cent. as shall not exceed the sum of 45c per acre." "Provided, however, that no one property owner shall be entitled to receive said sum on more than 50 acres."

It was under this Act that Mr. McKinney filed his claim. The County Commissioners contend that the Act of 1897 was repealed by the Act of April 11th, 1901, P. L. 77, and that any proceedings under the Act of 1897 not commenced or pending at the time of said repeal must fall. The Act of 1901 contains the same provisions as the Act of 1897 as to size and condition of trees, percentage and maximum amount allowed, but provides that the claim must be filed with the County Treasurer and Tax Collectors of Townships respectively, and that the 80 per cent., instead of being paid, shall be a rebate deducted from said taxes and receipted for by the respective officers. The second section expressly repeals all Acts inconsistent therewith. It is evident that the latter Act repeals the Act of 1897 as to the manner in which the property owner shall secure the benefit of the Act, and also as to who shall bear the percentage allowed. It has been held that the repeal of a statute giving a special remedy puts an end to all pending proceedings under it.

In Commonwealth v. Beatty, 1 Watts, 382, Beatty and others sustained damages by reason of the construction of the Pa. Canal. Pursuant to Act of April 9th, 1827, they presented their petitions to the Court of Quarter Sessions and viewers were appointed to assess damages. Before action by the viewers the Act of April 16th, 1830, was passed taking away the jurisdiction of the Quarter Sessions and providing another mode of procedure to ascertain damages. The viewers, however, assessed the damages, and their report was confirmed by the Court of Quarter Sessions. On appeal, held, that after the repeal of the Act of 1827 there was no law authorizing the viewers to act, or the Court to confirm their report, and proceedings were quashed. The case of Keener, treasurer of German Township School Board, v. Fouch, 16 C. C. 205, is also in point. Here proceedings were instituted under the Act of May 15th, 1889, making the owners of dogs liable to the Board of School Directors for damage to sheep. Pending the determin-

ation of the case the Act of May 25th, 1893, covering the same subject matter became a law and repealed all Acts inconsistent therewith. Held, that the proceedings were void. Judge Mestrezat, now of the Supreme Court, in disposing of the case said "It is well settled that a proceeding which is imperfect when the Act of Assembly under which it was begun expires, cannot be perfected, and what is done afterwards is void. And no proceeding can be pursued under the repealed statute, though begun before the repeal." In Lawrence county, appellant, v. City of Newcastle, 18 Super. Ct. 313, it was decided that all proceedings under an Act of Assembly which have not ripened into judgment at the time of its repeal must fall. This same principle is recognized in Fenelow's Petition, 7 Pa. 173, P. & A. Telegraph Co. v. Commonwealth, 3 Brewster, 521, Rogers' Petition, 15 C. C. R., 535, Rodebaugh v. Traction Co., 190 Pa., 358, North Canal Street Road, 10 Watts, 351.

It is true an exception to this rule exists in the case of vested rights, and it is contended that Mr. McKinney's claims are of this character. In consideration of the public benefit to be derived from the retention of forest and timber trees, the Legislature provided for certain benefits to be received by land owners who brought themselves within the provisions of the Act. The repayment of a percentage of the taxes was virtually a bonus or reward for preserving forests. The land owner could not secure the benefits of the Act until he took the steps prescribed thereby, and pursued his statutory privilege to a successful conclusion. He might avail himself of its provisions or not as he chose. The claim for percentage for one year only (1899) was filed while the Act was in force; the other claims of 1897, 1900 and 1901 were not presented until after the passage of the Act of March 22d, 1901, which provides for a rebate of the 80 per cent. by the County Treasurer and Tax Collectors of the Townships, instead of payment by the County Commissioners. There was no express or implied contract on the part of the County Commissioners to pay this percentage, nor moral nor legal obligation apart from the statute; in other words their liability was purely

statutory. The change made by the Act of 1901 was clearly within the scope of Legislative power, and as we view the case worked no deprivation of what is termed "a vested right." In Lawrence county v. Newcastle, supra., the Court says "The contracts which are within the protection of the Constitution are those arising from an agreement or understanding immediately between the parties, or out of a course of dealing from which a contract is implied." See also Rodebaugh v. Traction Co., supra., and Rogers' Petition, 15 C. C. R., 531.

Mr. McKinney's claim not having been pursued to judgment prior to the repeal of the Act under which it arose cannot be enforced.

And now, to wit, July 28th, 1902, after argument and due consideration the Prothonotary is directed to enter judgment in favor of the Commissioners of Bradford County and against John H. McKinney for the costs on these proceedings.

Reported by Jas. R. Leahy, Esq.,

Towanda, Pa.