## Commonwealth v. McNichol.

*Criminal law—Automobiles—Vehicle Code—Acts of June 30, 1919, and May 11, 1927 — Statutes — Interpretation of statutes — Repealing clause — Re-enactment of repealed statute—Continuance of re-enacted provisions;— Penal statutes—Abatement of remedy.*

1. The Act of May 11, 1927, P. L. 886, as to its provisions which make it a crime for one, while under the influence of intoxicating liquor, to operate a motor-vehicle, is a re-enactment, in the same terms, of the Act of June 30, 1919, P. L. 678, and, therefore, the provisions are continued in uninterrupted operation, notwithstanding the repealing clause in the Act of 1927, and a verdict may be rendered and sentence imposed for an offense committed before the Act of 1927 went into effect.

2. A re-enactment statute which makes no change in its substantive law should be construed as continuing the law as it existed before its passage, unless the legislative intent is manifestly to the contrary through irreconcilable inconsistency with, or a particular reference made to, an intefmediate statute.

3. Where a statute which defines a crime and provides a punishment to be imposed is repealed before judgment and there is no proper saving clause, the repeal constitutes a complete bar to all further proceedings, and prosecutions pending at the date of the repeal are abated.

4. Where a remedy has been provided by statute and proceedings are instituted under it, but before final judgment the statute is repealed, the remedy is thereby taken away and further proceedings to enforce it are illegal.

5. Where, however, the repealing statute re-enacts the provisions of the repealed statute, the re-enactment neutralizes the repeal and the provisions thus re-enacted continue in force without interruption, so that all rights and liabilities that have accrued thereunder are preserved and may be enforced.

6. Statutes pertaining to crimes and their punishment should be strictly construed and nothing left to intendment, but they should not be so construed as to thwart the evident will and intention of those who enacted them, where that intention is plainly and fairly deducible from the law itself.

7. A penal statute should receive a reasonable and common sense construction and its force should not be frittered away by niceties and refinements at war with the practical administration of justice.

8. The principle of strict construction does not allow a court to make that an offense which is not such by legislative enactment, but this does not exclude the application of common sense to terms made use of in an act in order to avoid an absurdity which the legislature ought not to be presumed to have intended.

Motion in arrest of judgment. Q. S. Delaware Co., Dec. Sess., 1927, No. 116.

*Bruce W. Long,* for motion.

*William J. MacCarter, Jr.,* District Attorney, and *Louis A. Bloom,* Assistant District Attorney, contra.

MacDade, J., Feb. 14, 1928.—The defendant, Bernard McNichol, is charged by the Commonwealth, as of the above term and number, with operating a motor-vehicle while under the influence of intoxicating liquor. He was tried for the said crime and found guilty by a jury on Jan. 11, 1928, the indictment upon which he was tried alleging that the above crime was committed while operating a motor-vehicle on Chester Pike, in the Borough of Ridley Park, in the County of Delaware, on Nov. 12, 1926. The indictment was found true on Dec. 6, 1926.

The defendant was indicted under the Act of June 30, 1919, P. L. 678, and its amendments. After a verdict of guilty of the offense as charged, the defendant moved the court in arrest of judgment and assigned the following reasons therefor:

1. The defendant being charged under the Act of June 30, 1919, P. L. 678, and its amendments, with having on Nov. 12, 1927, operated a motor-vehicle while under the influence of intoxicating liquor, said indictment having been

found by the grand jury against the defendant on Dec. 7, 1927, and no trial or conviction thereon having been had until Jan. 11, 1928, the court is now without power or authority to sentence the defendant under said indictment, for the reason that the punishment provided by said Act of 1919 and its amendments for the offense charged in the indictment has been repealed or set aside as to this defendant and the offense so charged against him by the provisions of the Act of Assembly of Pennsylvania of May 11, 1927, P. L. 886, entitled "The Vehicle Code," which contains no saving clause.

2. That the penalty provided by said Act of June 30, 1919, P. L. 678, and its amendments, for the offense charged in the indictment cannot now, since the Act of Assembly of 1927 became effective, viz., Jan. 1, 1928, be legally imposed upon this defendant under the indictment in this case.

3. That to now sentence the defendant in pursuance of the conviction had on Jan. 11, 1928, upon the indictment in this case would be illegal and contrary to the defendant's constitutional rights and privileges.

4. And because no judgment against him, the said Bernard McNichol, can be lawfully rendered on the said record.

It will be observed, therefore, that the defendant contends that, notwithstanding his guilt involving violation of the Motor Vehicle Act of June 30, 1919, P. L. 678, and its supplements, sentence or judgment should be arrested on the ground, inter alia, that that act has been repealed by the Vehicle Code, which went into effect Jan. 1, 1928 (Act of May 11, 1927, P. L. 886).

It is contended that said Act of 1919 and its amendments, as well as other acts inconsistent with the Vehicle Code, are specifically repealed in section 1301 of the Vehicle Code. That no "saving clause" is contained in the Code to take care of prosecutions that have not gone to final judgment before the effective date of the new act (Jan. 1, 1928). That the arm of the court is stayed, therefore, because the crime was committed and the indictment found in the year 1927 and there was no final judgment in said year, the defendant being prosecuted before the court and jury and found guilty Jan. 11, 1928.

The defendant cited in support of his contention, when the case at bar was argued before the court "in banc" upon the motion in arrest of judgment, a recent opinion of the Attorney-General of the Commonwealth of Pennsylvania, under date of Jan. 5, 1928, wherein the contention of the defendant is apparently sustained on the ground of no "saving clause" in the Vehicle Code of 1928. He also cites the following cases: Com. v. Duane, 1 Binney, 600; Com. v. Shopp, 1 Woodward, 123; Road in Hatfield Township, 4 Yeates, 392; Com. v. Beatty, 1 Watts, 382; Abbott v. Com., 8 Watts, 517; North Canal Street Road, 10 Watts, 351; Genkinger v. Com., 32 Pa. 99; Com. v. Brown, 7 Dist. R. 117; Com. v. Dolan, 4 Pa. C. C. Reps. 287; Swissvale Borough, 64 Pa. Superior Ct. 63; Scranton City v. Rose, 60 Pa. Superior Ct. 458; Hartung v. People, 22 New York, 95; Com. v. Marshall, 11 Pick (Mass.), 350; Re Kline, 70 Ohio State, 25; State v. Hanover, 55 Washington, 403; People v. Tisdale, 57 California, 104; Maresca v. United States, 277 Fed. Repr. 727; Landen v. United States, 299 Fed. Repr. 75; Thiel v. Philadelphia, 245 Pa. 406.

Evidently the above cases decide that when a statute which defines a crime and provides a punishment to be imposed upon the offender is repealed before judgment and there is no proper saving clause, the repeal constitutes a complete bar to all further proceedings. It is a familiar common law rule that, after a statute creating an offense is repealed without a saving clause, there can be no further criminal prosecutions for its violation, and even prosecutions pending at date of the repeal are abated.

Commonwealth *v.* McNichol.

In the case of Scranton City *v.* Rose, 60 Pa. Superior Ct. 458, 462, the court makes this observation: "There is no vested right in the Commonwealth, existing after the repeal of a criminal statute, to prosecute an offense in existence prior to the repeal of such statute. It is unnecessary to cite authority as to the effect of the repeal of a criminal statute on pending proceeding. It is well settled that all proceedings which have not been determined by final judgment are wiped out by a repeal of the act under which the prosecution for the offense took place."

The question has received careful consideration by Craig, P. J., in the case of Com. *v.* Brown, 20 Pa. C. C. Reps. 139, 7 Dist. R. 117, in which opinion the following is cited from Endlich on The Interpretation of Statutes: "Where a penal law is broken, the offender cannot be punished under it if it expires or is repealed before he is convicted, although the prosecution was begun while the act was still in force, unless the repealing act contains a saving clause. Every step taken under a statute that has been repealed is utterly void; presentment, trial, conviction and sentence become illegal. If an indictment has been found, it may be quashed on motion, for the court is bound to take notice of the repeal. Though a conviction has been had, the judgment is arrested, and though judgment has been entered, if an appeal from it, or other proceedings for review of it, is pending, the judgment must be set aside. And so, even after conviction, appeal and argument, but before final judgment, and though a repeal after final judgment will not ordinarily arrest the execution of the sentence, and will not do so even in capital cases where the sentence has been pronounced and the day set for execution, yet, in the latter class of cases, if the sentence of death has been pronounced, but not executed on the day set for its execution, a repeal of the statute before the criminal is resentenced requires his discharge. The same effect follows any modification of a penal statute which exempts, without special reservation, a particular class from its operation."

This has been the law for a long time in Pennsylvania, for it was held as early as 1833, in the case of Com. *v.* Beatty, 1 Watts, 382, that where a remedy has been provided by statute and proceedings were instituted under it, but during their pendency the statute was repealed, in such cases the remedy was thereby taken away and further proceedings brought to enforce it were illegal. See, also, Abbott *v.* Com., 8 Watts, 517.

While we agree, of course, with the above authorities, and the law is well stated therein, we conclude that they do not control the case at bar, for a different condition exists, or rather there are certain matters not considered in the cited cases which we must consider in disposing of this motion and which compel us to refuse the same. The real issue herein involved is: Did the legislature, by its passage of the Act of May 11, 1927, P. L. 886, entitled "The Vehicle Code," which was the re-enactment of an existing law in substantially the same terms, repealing the Motor Vehicle Act of June 30, 1919, P. L. 678, with its amendments, without providing for a "saving clause," intend to nullify by its repeal all criminal proceedings instituted and not prosecuted under the Act of 1919, and its amendments, to final judgment before Jan. 1, 1928, when the Vehicle Code became effective, or did it intend that such criminal proceedings should continue in uninterrupted operation and were not to be affected by the repeal or the lack of a "saving clause?"

The Act of June 30, 1919, P. L. 678, as amended by the Act of June 14, 1923, § 23, P. L. 745, provides: "*No person shall operate a motor-vehicle while under the influence of intoxicating liquor* or any narcotic or habit-producing drug, or permit any person who may be under the influence of intoxi-

cating liquor or narcotic drugs to operate any motor-vehicle owned by him or in his custody or control.

"Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not less than $200 nor more than $500, or to undergo imprisonment not exceeding three years, or both, at the discretion of the court."

The Act of May 11, 1927, § 621-F, P. L. 886, provides: "It shall be unlawful for any person to commit any of the following acts: *To operate a motor-vehicle while under the influence of intoxicating liquor* or any narcotic drug, or permit any person who may be under the influence of intoxicating liquor or narcotic drug, to operate any motor-vehicle owned by him or in his custody or control."

The Act of May 11, 1927, § 1202-B, P. L. 886, provides: "Violating any of the provisions of sections 301, 302, 303, 413, 621 and 1029 of this act, $200, or imprisonment for three months, or both such fine and imprisonment."

We shall hold in the case at bar that the re-enactment of an earlier statute in a later statute is a continuance, and not a repeal, of the former statute, even though the latter expressly repeals the earlier one.

The prevailing view is that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal, and the provisions of the repealed act which are thus re-enacted continue in force without interruption, so that all rights and liabilities that have accrued thereunder are preserved and may be enforced.

The repeal of a general incorporation law by a statute substantially re-enacting its provisions does not terminate the existence of the corporations organized under it. *This* rule is applicable to criminal statutes, and where the statute repealed is re-enacted in substantially the same terms by an act which takes effect at the same time as the repealing act, it is continued in uninterrupted operation, and judgment may be rendered upon a conviction under it, though the offense was committed and prosecution commenced before the repeal: 25 Ruling Case Law, § 186, page 934, and cases there cited.

Where there is an express repeal of an existing statute and a re-enactment of it at the same time or a repeal and a re-enactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force. It operates without interruption where the re-enactment takes effect at the same time. The intention manifested is the same as in an amendment enacted, offices are not lost, corporate existence is not ended, inchoate statutory rights are not defeated, a statutory power is not taken away, nor pending proceedings or criminal charges affected by such repeal and the re-enactment of the law on which they respectively depend: 1 Lewis, Sutherland Statutory Construction, 445.

While all statutes pertaining to crimes and their punishment should be strictly construed, and nothing left to intendment, they should not be so construed as to thwart the evident will and intention of those who enacted them where that intention is plainly and fairly deducible from the law itself. A penal statute should receive a reasonable and common-sense construction, and its force should not be frittered away by niceties and refinements at war with the practical administration of justice. The principle of strict construction does not allow a court to make that an offense which is not such by legislative enactment, but this does not exclude the application of common sense to terms made use of in an act in order to avoid an absurdity which the legislature ought not to be presumed to have intended: 2 Lewis, Sutherland Statutory Construction, 981.

It seems, indeed, to be the general understanding that the re-enactment of an earlier statute is a continuance, not a repeal, of the later, even though the later act expressly repeals the earlier.

The repeal and re-enactment in a revision of laws of a statutory provision authorizing a town to make a certain by-law was held not to affect the validity of the by-law, *and it has been applied to criminal statutes so as to permit a conviction for an offense against the re-enacted old law, even where the re-enacting law undertook to repeal it, the re-enactment being construed a continuance:* Endlich on the Interpretation of Statutes, § 490.

Defendant was indicted for stealing a horse on March 27, 1883. *Defendant demurred to indictment* on ground facts stated did not constitute offense under statute. Demurrer was sustained. No objection was made to form of indictment, *but it was claimed that the law for punishment of horse-stealing was repealed without a saving clause.* After the offense charged, indictment was submitted. Prosecuting attorney applied for and obtained leave to file a petition in error in this court for the purpose of having the law determined. The difference between the original and the new act was a reduced maximum imprisonment from fifteen to ten years, and minimum from three years to one year. *Held, where a new act is in the very words of a statute which it repeals and it is clear that the repeal and re-enactment were intended to continue in force the uninterrupted operation of the old statute, they will be so construed,* and this will apply to crime committed before the new act took effect: State of Nebraska v. Wish, 15 Neb. 448.

Where the statute repealed has in it the same words as in the act which takes effect as the repealing act, it is continued in uninterrupted operation, and the judgment may be rendered upon a conviction under it though the offense was committed and the prosecution commenced before the repeal: State v. Gumber, 37 Wis. 298.

Statutes are to be construed so as may best effectuate the intention of the makers, which sometimes may be collected from the cause or occasion of passing the statute, and, where discovered, it ought to be followed with judgment and discretion in the construction, though the construction may seem contrary to the letter of the statute: Big Black Creek Improvement Co. v. Com., 94 Pa. 450; Duffy v. Cooke, 239 Pa. 427.

While the general rule that when a statute is repealed without a saving clause it is to be considered as though it never existed except as to transactions past and closed, the rule, like any other legal principle of general application, must be understood and applied, if at all, so as to give effect to the legislative intention. It is not so much what the general rule of construction is as what did the legislature intend by repealing all acts or parts of acts inconsistent with the new law: Com. v. Mortgage Trust Co. of Penna., 227 Pa. 163.

While the Act of June 4, 1901, P. L. 364, in terms repeals the Act of Feb. 3, 1824, P. L. 18, yet the provisions of the Act of 1824, giving priority to municipal liens, are re-enacted in substantially identical terms in the latter act; the law had not been changed by the Act of June 4, 1901.

Where a statute is repealed and its provisions are at the same time re-enacted by the repealing act, the effect is that the earlier statute is not in fact repealed, but its provisions continue in active operation so that all rights and liabilities incurred thereunder are preserved and may be enforced: Haspel v. O'Brien, 218 Pa. 146.

If the provisions of the former act are revised and supplied, this works as a repeal to that extent, but the repeal goes no further. It cannot be doubted that from the time the Act of 1919 took effect until the time when the defend-

ant was convicted that there was no interval when--sedition was not an indictable offense, and when some, at least, of the acts attributed to the defendant in the indictment were not seditious. Even in cases of express repeal, where at the same time the provisions of the repealed statute are re-enacted by the repealing act, the earlier statute is not in fact repealed, but its provisions continue in operation as amended. The question is one of legislative intent, and there can be no doubt that the amendment under consideration was not intended to work a repeal of the statute, but to amend it merely, and that not in a way to affect material parts of it: Com. v. Belevsky, 79 Pa. Superior Ct. 12, 15. Opinion by Henderson, J., April 17, 1922.

A re-enacting statute which makes no change in its substantive law should be construed as continuing the law as it existed before its passage, unless the legislative intent is manifestly to the contrary through irreconcilable inconsistency with, or a particular reference made to, an intermediate statute: Com. v. Provident Trust Co., 287 Pa. 251.

Though an act of assembly repeals a former act, yet if it is evident that the legislature intended certain parts of the former act to have a temporary continuance, it is not an immediate repeal of such parts: Moore v. Houston, 3 S. & R. 169.

The rule of construction applicable to acts which revise and consolidate other acts is that when the revised and consolidated act re-enacts in the same, or substantially the same, terms the provisions of the act or acts so revised and consolidated, the revision and consolidation shall be taken to be a continuation of the former act or acts, although the former act or acts may be expressly repealed by the revised and consolidated act; and all rights and liabilities under the former act or acts are preserved and may be enforced: Haspel v. O'Brien, 218 Pa. 116, supra.

Holding, therefore, to the view that the words in the Act of 1927, namely, *"To operate a motor-vehicle while under the influence of intoxicating liquor . . ."* are substantially the same words as contained in the Act of 1919 and its amendments, namely, "No person shall operate a motor-vehicle while under the influence of intoxicating liquor or . . ." and it being clear that the repeal and re-enactment (Act of 1927) were intended to continue in force the uninterrupted operation of the old statute (Act of 1919, and its amendments), it will be so construed in the case at bar and applies to the crime committed before the new act took effect and for which the defendant was convicted.

*Order.*—And now, Feb. 14, 1928, the defendant's motion in arrest of judgment is dismissed and the defendant is hereby directed to appear before this court, within ten days from the filing of this order, for sentence in accordance with the act of assembly in such case made and provided.

From William R. Toal, Media, Pa.

NOTE.—See Com. v. McNamara, 8 Adv. Reps. 538, 93 Pa. Superior Ct. —.