## Lawrence County, Appellant, v. City of New Castle.

*Statutes—Repeal—Obligation of contract—Constitutional law.*

When an act of assembly is repealed all proceedings founded upon it which have not ripened into judgment, must fall. This principle is, however, subject to the limitation that the repealing act must not impair the obligation of contracts.

*Constitutional law—Obligation of contract—Contracts.*

The contracts which are within the protection of the constitution are those arising from an agreement or understanding immediately between the parties, or out of a course of dealing from which a contract is implied.

An act of the legislature which gave a county immediately liable for the support of children in a reform school, a right of action over against the poor district in which the children resided, may be repealed, without violating the obligation of any contract.

The Act of April 17, 1869, P. L. 1118, which gave to the county of Lawrence a right of action against poor districts for the cost of maintaining children belonging to the districts, in the Morganza Reform School, was repealed by the Act of April 28, 1899, P. L. 127. The first act gave rise to no contract either express or implied in favor of the county of Lawrence.

Argued May 17, 1901. Appeal, No. 139, April T., 1901, by plaintiff, from judgment of C. P. Lawrence Co., March T., 1901, No. 109, on verdict for defendant on case stated in suit of County of Lawrence v. City of New Castle. Before, RICE, P. J.,

BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine the liability for the support of children confined in the Morganza Reform School.

The case stated was as follows :

1. The defendant, the city of New Castle, is a municipal corporation, a city of the third class, and constitutes a poor district. That the legislature of the state of Pennsylvania duly passed an act entitled as follows : " An act relative to the expense of maintaining children committed to the House of Refuge of Western Pennsylvania from the county of Lawrence. Section 1. Be it enacted, etc. That hereafter, in all cases where any child shall be committed to said House of Refuge from the county of Lawrence, whose parent or parents are of sufficient ability to pay the expense of keeping such child therein, such parent shall be liable by action of debt or assumpsit, to reimburse said county any expense said county shall have paid therefor ; and in case the parent or parents of such child shall not be of sufficient ability to pay said expense, than the poor district within which said child has a last legal settlement, and in case such child has no legal settlement in said county, then the poor district in which said child was resident immediately before such commission, shall be liable by action of debt or assumpsit, to said county, for the amount paid by said county by reason thereof."

2. There has been sent and committed from the county of Lawrence to the said House of Refuge, now know as " Morganza Reform School," previous to April 28, 1899, certain persons, the expenses for which the said county claims to be reimbursed by the city of New Castle ; and it is agreed that the following persons were committed from the said county to the said reform school, and that they were maintained there for the respective number of days, and to the amount set respectively opposite the name of each person, to-wit:

| | | | | |
|---|---|---|---|---|
| Wm. Custer, | 538 days, | cost of maintenance, | $160.87 |
| Walter Dukes, | 801 " | " | " | 283.37 |
| Ella Douglass, | 272 " | " | " | 75.32 |
| | Amount carried forward, | | | $519.56 |

|                  | Amount brought forward, |       |                |   $519.56 |
|------------------|-------------------------|-------|----------------|-----------|
| Leonora Carson,  | 1024 days, cost of maintenance, |   |           |    314.94 |
| Carry Flowers,   | 533 "      " |             | "              |    137.57 |
| Roy Hunt,        | 590 "      " |             | "              |    170.74 |
|                  | Total,                  |       |                |  $1178.83 |

And it is further agreed that the parents of the above named children are not of sufficient ability to pay the expenses.

It is further agreed that the county of Lawrence has other claims against the said city for the keeping of persons committed to said reform school, which are not brought into this suit, but the same are excepted out of this cause without prejudice to the right of the county to bring suit for the same, in case this suit is decided in favor of the plaintiff.

3. It is further agreed that the legislature of Pennsylvania, by an act approved April 28, 1899, being act No. 102, in the P. L. of 1899, page 127, duly passed the following act: "Be it enacted, etc. That so much of section one of an act entitled 'An act relative to the expense of maintaining children committed to the House of Refuge of Western Pennsylvania from the county of Lawrence,' approved the seventeenth day of April Anno Domini, one thousand eight hundred and sixty-nine," (being the latter part of said section,) which is as follows: "And in case the parent or parents of such child shall not be of sufficient ability to pay said expense, then the poor district in which said child had a last legal settlement, and in case said child has no legal settlement in said county, then the poor district in which such child was resident immediately before such commission, shall be liable by action of debt or assumpsit to said county for the amount paid by said county by reason thereof be and the same is hereby repealed," all of which will fully appear by reference to act No. 102, P. L. 1899, page 127, which is made part hereof.

4. It is agreed that the city of New Castle would be liable for the aforesaid claim, had not the act No. 102, P. L. 1899, page 127, been passed; but it is contended by the city that since the passage of the latter act repealing the aforesaid portion of the act of 1869, the city is not liable for any maintenance, or for any moneys laid out by the county of Lawrence prior to the approval of the act of April 28, 1899, and that an action does

not accrue to the plaintiff for the moneys mentioned in this case, and that the city is not liable therefor.

5. Upon these facts the case is submitted to the court, and if the court be of the opinion that the city is liable for these moneys since the passage of the act No. 102, P. L. 1899, page 127, then judgment to be entered for the plaintiff for the amount of $1,178.83, with costs of suit, otherwise judgment to be entered for the defendant with costs of suit, each party reserving the right to any exceptions and the right of appeal to the Superior or Supreme Court as in other cases, and in the same manner as if this case had been tried by a jury.

The court in an opinion by WALLACE, P. J., entered judgment for defendant.

*Error assigned* was in entering judgment for defendant.

*Wylie McCaslin,* county solicitor, for appellant.—A statutory obligation which does not rest upon the consent of the parties is clearly quasi contractual in its nature. The law regards the money as expended at the implied request of defendant; and a promise to pay the money is said to be implied from the liability created by the statute : Beach on Contracts, sec. 640; Pac. Mail. Steamship Co v. Joliffe, 2 Wall. 450.

Retrospective laws, being in their nature odious, it ought never to be presumed that the legislature intended to pass them where the words will admit of any other meaning : Underwood v. Lilly, 10 S. & R. 97.

Where a right has arisen upon a contract, or a transaction in the nature of a contract, authorized by statute, and has been so far perfected that nothing remains to be done by the party asserting it, the repeal of the statute does not affect an action for its enforcement : Pac. Mail Steamship Co. v. Joliffe, 2 Wall. 450; Hawthorne v. Calef, 2 Wall. 10; Von Hoffman v. Quincy, 4 Wall. 535; Memphis v. U. S., 97 U. S., 293; McCracken v. Hayward, 2 How. 608; Bronson v. Kinzie, 1 How. 319; McCabe v. Emerson, 18 Pa. 111.

The constitutional provisions apply to implied contracts as well as express ones : Beach on Contracts, sec. 1631; 2 Story on the Constitution, sec. 1377.

When a law is in its nature a contract, when absolute rights

have vested under it, a repeal of the law cannot divest those rights: Fletcher v. Peck, 6 Cranch, 87; State of N. J. v. Wilson, 7 Cranch, 164; Terrett et al. v. Taylor, 9 Cranch, 43; Cooley Const. Lim. 443; Byers v. Penna. R. R. Co., 18 Pa. C. C. Rep. 187 ; Kay v. P. R. R. Co., 65 Pa. 269; Strock v. County Commissioners, 4 Dist. Rep. 321; Reiser v. William Tell Saving Fund Assn. 39 Pa. 137.

*James A. Gardner,* city solicitor, for appellee.—By the repeal of the act of April 17, 1869, the right of the county of Lawrence to recover, fell with the repeal of the act, for when the act was repealed, it must be considered as if it had never existed, except as to transactions which are passed and closed : Potter's Dwarris on Stat. 160 ; Endich Int. of Stat. secs. 478, 479, 480 ; Sutherland Const. of Stat. secs. 162, 163, 165 ; Sedgwick on Stat. and Const. Law, 108, 112.

The repeal of the statute has the effect of expunging it from the statute book as completely as if it had never existed, except as to the rights vested under it.   All actions pending at the time of the repeal, and of proceedings then incompleted, which have for their foundation a repealed statute, fall with it; only such as are fully completed and ripened into judgment are not affected by the repeal.   Pending actions must fall because there are no laws authorizing the judgment: Ex parte McCardle, 7 Wall. (U. S.) 506; Norris v. Crocker, 13 How. (U. S.) 429; South Carolina v. Gaillard, 101 U. S. 433; Road v. Hatfield Twp., 4 Yeates, 392; Abbott v. Com. 8 Watts, 517; N. Canal St. Road, 10 Watts, 351; Hampton v. Com., 19 Pa. 329; Com. v. Leech, 24 Pa. 56; Genkinger v. Com., 32 Pa. 99; Grim v. Weissenberg School Dist., 57 Pa. 438; Boyer's Petition, 15 Pa. C. C. Rep. 531.

OPINION BY W. D. PORTER, J., July 25, 1901:

The Acts of April 22, 1850, P. L. 541 and April 16, 1857, P. L. 219, relating to the House of Refuge of the western district of Pennsylvania, now the Morganza Reform School, impose the burden of maintaining the children committed to said institution upon the counties from which such children, respectively, are committed.   The Act of April 17, 1869, P. L. 1118, by special favor gave to the county of Lawrence a

remedy to recover by an action of assumpsit from the poor district within which such child had its last legal settlement, or residence, the amount paid for such maintenance at the reform school. That part of the act of 1869 which gave the county of Lawrence a remedy over against the poor district was by the Act of April 28, 1899, P. L. 127, repealed. At the time of the approval of the repealing act of 1899, the county of Lawrence was liable to the reform school for the maintenance of children whose legal settlement was in the poor district of the city of New Castle in the sum of $1,178.83 ; this action was brought to recover that amount and the above recited facts were agreed upon in the case stated. Can the county of Lawrence maintain an action against the city of New Castle founded upon the provisions of the act of 1869 which had been repealed? When an act of assembly is repealed all proceedings founded upon it which have not ripened into judgment must fall: Commonwealth v. Beatty, 1 Watts, 382; North Canal Street Road, 10 Watts, 351 ; Fenelon's Petition, 7 Pa. 173 ; Hampton v. Commonwealth, 19 Pa. 329 ; Commonwealth v. Leech, 24 Pa. 55 ; Schenley v. Allegheny, 36 Pa. 29. This principle is subject to the limitation that the repealing act must be within the legitimate scope of the legislative power; it must not impair the obligation of contracts. The legislature cannot impair the obligation of a contract, or pass an ex post facto law, for both these are expressly forbidden. " But an ex post facto law is one which makes an act punishable in a manner in which it was not punishable when it was committed ; it relates to penal and criminal proceedings." " Retrospective laws and state laws divesting vested rights, unless ex post facto or impairing the obligation of contracts, do not fall within the prohibition contained in the constitution of the United States, however repugnant they may be to the principles of sound legislation : " Grim v. Weissenberg School District, 57 Pa. 433. The contracts which are within the protection of the constitution are those arising from an agreement or understanding immediately between the parties, or out of a course of dealing from which a contract is implied. The claim of Lawrence county is not founded upon a contract, either express or implied. The state without the consent of the county imposed upon the latter the burden of maintaining the prisoners which the tribunals of the county committed

to the reform school. Without the consent of either the city or the county, the legislature gave to the latter a remedy over against the former. The officers who had authority to make contracts for the county had no voice in determining what children should be committed to the reform school, nor as to the amount which should be expended for their maintenance. The legislation conferred no power upon the authorities of either the city or the county to make any contract, and there is no pretense that they ever attempted to make one. The act of 1869 was plainly a distribution of the burdens of government, it gave to the county of Lawrence an advantage not possessed by the other counties in the western district of Pennsylvania, but that advantage did not grow out of any contract. The liability of the city to the county was purely statutory. There was no moral or legal obligation, apart from the statute, upon the city to reimburse the county. When the statute fell the right of the county to recover from the city was at an end.

The judgment is affirmed.