## Washington Borough.

*Boroughs—Extension of borough—Statute—Repeal.*

The Act of April 22, 1903, P. L. 247, completely changes the mode of annexing adjacent territory to a borough and repeals the Acts of April 3, 1851, P. L. 320, sec. 30, June 2, 1871, P. L. 283, sec. 4, July 15, 1897, P. L. 296 and April 6, 1899, P. L. 33.

*Statutes—Boroughs—Proceedings to annex—Termination of proceedings.*

Where proceedings to annex territory to a borough were pending and undetermined at the time of the passage of the act of April 22, 1903, P. L. 247, the court of quarter sessions had no further jurisdiction, and the proceedings therein terminated.

Where a law takes away a subject of jurisdiction, a proceeding founded upon it must fall, but when it merely changes the remedy it may be otherwise and must be, unless the law plainly declares it otherwise.

Argued April 19, 1904.   Appeal, No. 64, April T., 1904, by William W. Smith, from order of Q. S. Washington Co., Feb. Term 1902, No. 148, in the matter of the extension of the borough of Washington.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Appeal from ordinance annexing territory to Washington borough.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court, confirming the ordinance.

*T. F. Birch,* for appellant.—The act of 1903 repealed the prior acts.   Proceedings commenced under the provisions of a statute are arrested by the repeal of the statute : every act done towards their completion after the repeal is void : North Canal Street Road, 10 Watts 351 ; Hatfield Twp. Road, 4 Yeates, 392 ; Com. v. Leech, 24 Pa. 55 ; Hampton v. Com., 19 Pa. 329.

*John H. Murdoch,* with him *Alex. M. Templeton* and *Edgar B. Murdoch,* for appellee.

OPINION BY BEAVER, J., October 17, 1904 :

We have decided in Donora Borough Extension, No. 86, of

April term, 1904, in an opinion this day filed, that the Act of
April 22, 1903, P. L. 247, repeals section 4 of the Act of
June 2, 1871, P. L. 283, on the ground that the two acts are
inconsistent with each other and that there is, therefore, an ex-
press repeal by the terms of the former act. By the same rea-
soning, the act of 1903, supra, repeals the several acts relating
to the extension of borough limits and the annexation of ad-
jacent territory. This act of 1903 is inconsistent with previous
acts for the reason that, by its terms, the annexation of adja-
cent territory is left entirely to the discretion of the burgess
and council of any borough or incorporated town, and the right
of appeal from the decision of the said burgess and council is
taken away, whereas in the previous acts of assembly no dis-
cretion is lodged in the town council and the right of appeal to
the court of quarter sessions is expressly conferred. The
language of the section 30, of the general borough Act of
April 3, 1851, P. L. 320, is " That the burgess and town coun-
cil of any borough shall have power, and by virtue of this act
are directed and required, on petition of any number not less
than twenty of the freehold owners of lots or outlots, or other
tracts of land in any section laying adjacent to said borough,
to declare, by ordinance, the admission of the section on which
such petitioners and others reside." The same language is
used in the amendment of July 15, 1897, P. L. 296, and in a
further amendment of April 6, 1899, P. L. 33, an appeal to the
court of quarter sessions from the ordinance of the town coun-
cil annexing the territory was expressly provided. We have,
therefore, in the act of 1903 a complete change in the mode of
annexing adjacent territory to a borough. Whilst it is true
that, under the previous acts, the burgess and councils exer-
cised a certain jurisdiction in regard to the annexation of terri-
tory, such jurisdiction was extremely limited and the power of
the councils could scarcely go beyond the determination as to
whether or not the number and character of the petitioners
were such as were prescribed in the act of 1851. The act of
1903 is a radical departure and, as we have seen in the Donora
Borough case, supra, gives complete control and practically un-
limited jurisdiction to the burgess and town councils in respect
to the annexation of adjacent territory, the right of the court
of quarter sessions on appeal being limited to an inquiry as to

the legality of the ordinance and the regularity of the proceedings under which the annexation is attempted to be effected.

The proceedings to annex a part of North Franklin township to the borough of Washington were pending and undetermined in the court of quarter sessions at the time of the passage of the act of April 22, 1903, supra. Did the passage of the said act oust the jurisdiction of the court and terminate the proceedings therein ?

The general principle, as stated by our Supreme Court in the Hickory Tree Road, 43 Pa. 139, is that " Where a law takes away a subject of jurisdiction, a proceeding founded upon it must fall, but that, when it merely changes the remedy, it may be otherwise and must be, unless the law plainly declare it otherwise."

In chapter 17, treating of this subject, Judge ENDLICH, in his work on The Interpretation of Statutes, 677, says, in section 478 on the effect of repeal on pending proceedings—prosecutions : " Where an act expires or is repealed, it is, as regards its operative effect, considered, in the absence of provision to the contrary, as if it had never existed, except as to matters and transactions past and closed. As to all future matters all steps yet to be taken, the repealed statute upon which they are based is treated as utterly obliterated, so that if, after rendition of judgment and pending an appeal therefrom, there has been a change or repeal of the law applicable to the rights of the parties, the appellate court must hear and decide the case according to the then existing law and, upon a second trial, the inferior court must recognize the change and conform to it, not to the law as it may have been at the time of the first trial." And so, in section 480 upon the effect, etc., on rights and remedies founded solely on statute, he says : " The same rule applies to rights and remedies founded solely upon statute and to suits pending to enforce such remedies. If, at the time the statute is repealed, the remedy has not been perfected or the right has not become vested but still remains executory, they are gone."

So in North Canal Street Road, 10 Watts, 351, it was held : "Acts entirely done under a statute, while it was in force, stand good after its repeal. But before these proceedings (which related to the opening of a road) were completed,

the statutory jurisdiction of the quarter sessions had been transferred to the councils of the city by section 12 of the act of incorporation and, by the transfer, everything done was made void. The sessions, therefore, ought to have arrested the proceeding : " Sterrett Twp. Road, 123 Pa. 231 ; Lawrence County v. City of New Castle, 18 Pa. Superior Ct. 313.

In Hampton v. Com., 19 Pa. 329, which was a scire facias issued upon a report of viewers, which had been duly confirmed, to recover damages for the opening of a street, it was held that the repeal of the act before the street was opened put an end to the opening of the street and rendered void all the proceedings under it, and that the parties in whose favor damages had been assessed could not recover the compensation reported in their favor, Mr. Chief Justice BLACK, in his opinion, saying : " The repeal of the law at any time before the street was opened rendered all the proceedings under it void from the beginning. It is as if no such law had ever been passed. If the repeal had come after judgment rendered and after execution issued, it would have struck dead the process in the hands of the sheriff."

In the case under consideration, an appeal from the action of the town council annexing a portion of Franklin township to the borough of Washington was pending in the court of quarter sessions at the time of the passage of the act of 1903, supra. The decree, confirming the action of the town council, was not made until after the passage of the act. By the terms of that act, as we have construed it in the Donora Borough case, the right of appeal to the court of quarter sessions was taken away and the discretion in such cases lodged in the borough council. This, in our judgment, rendered the action of the court of quarter sessions subsequent to the repeal void. The hand of the court should, therefore, have been stayed, its jurisdiction having been taken away by the act of 1903, and the entire proceedings dismissed.

The act in question was more than a mere change of remedy, as is intimated by the court below. It conferred a right upon the petitioners to have the case heard and finally determined by the town council and gave new and enlarged jurisdiction to the council to determine, in their discretion, all questions relating to the annexation to the borough of adjacent territory ;

and, as already pointed out, it took away the right of appeal to the court of quarter sessions. These changes were radical and fundamental and, as a consequence, under all the authorities, very few of which have been referred to, the proceedings fell.

Decree reversed, the proceedings pending in the court of quarter sessions on appeal dismissed, without prejudice to the right of the petitioners to proceed under the Act of April 22, 1903, P. L. 247, by petition, etc., and the record is remitted, in order that this decree may be carried into effect.