# Armstrong *v.* Bird, Appellant.

*Animals—Killing of noxious animals—Bounties—Acts of April 10, 1907, P. L. 60, and July 25, 1913, P. L. 1036—Statutes—Repeal.*

1. A person who killed a fox on January 1, 1913, is entitled to recover from the county in which the fox was killed the bounty of $2.00, provided by the Act of April 10, 1907, P. L. 60.

2. The Act of July 25, 1913, P. L. 1036, does not repeal the Act of April 10, 1907, P. L. 60, either by express provisions, or by implication, in so far as the earlier act reatesl to the bounty for the killing of foxes, and the payment thereof by the county in the first instance.

Argued Nov. 19, 1914.   Appeal, No. 182, Oct. T., 1914, by defendants, from judgment of C. P. Bradford Co., Dec. T., 1913, No. 223, for plaintiff on case stated in suit of David J. Armstrong v. George N. Bird et al., Commissioners of Bradford County.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Affirmed.

Case stated to determine liability for the payment of a bounty for the killing of a fox:

MAXWELL, P. J., filed the following opinion:

It is agreed by the case stated, that the defendants are, and on January 1, 1913, were the county commissioners of the county of Bradford, and state of Pennsylvania.

That the plaintiff was a resident of Herrick township, on January 1, 1913, upon which date he killed a fox, and thereafter, to wit: on the same day, and in order to secure the reward or bounty named, and provided for by sec. 1 of the act of the general assembly of the commonwealth of Pennsylvania, approved April 10, 1907, produced the entire pelt before P. D. Hurley, justice of the peace in and for said county, and then and there made an affidavit before the said justice, that he killed the said fox, at the time and place aforesaid. Whereupon, the said justice of the peace, in the presence of

the plaintiff, and of an elector of the said county, cut off the ears of said pelt and burned the same, all of which was done in conformity to the provisions of sec. 2 of the act of assembly of April 10, 1907.

It was further alleged in said case stated, as follows:

3. That upon the destruction of said ears the said justice of the peace gave to the plaintiff a certificate for the killing of said fox directed to the commissioners of said county, setting forth clearly the facts, that the provisions of said act of assembly had been complied with, naming the kind of animal killed, the name of the person who killed it, the time it was killed and the name of the place in the said commonwealth where it was killed: that such certificate was in proper form, and in all respects agreeably to and in conformity with the requirements and provisions of said act of assembly.

4. That the plaintiff on or about the same day on which he received the said certificate presented it to the defendants at and in their office and demanded an order in his favor on the county treasurer of said county directing the payment of the reward and bounty provided for by the said act of assembly for killing said fox by him, to wit, the sum of $2.00.

5. That the defendants refused to accept said certificate, and to draw an order on the county treasurer for the payment of the said bounty and reward in favor of the plaintiff.

6. The defendants now contend and aver, inter alia, in answer to the plaintiff's claim of right to a writ of mandamus, that the said act of assembly, approved April 10, 1907, was and is repealed by the act of the general assembly of the commonwealth of Pennsylvania, approved July 25, 1913, and that no duty of the defendants to issue orders for the payment of bounties or rewards for killing noxious animals under the act of 1907, now exists, or has since the passage of the act of 1913.

7. If the court be of the opinion that under the fore-

going statement of facts, agreed upon, it was the duty of the defendants to issue an order, drawn upon the county treasurer, in favor of or payable to the plaintiff, directing the payment of $2.00 to him for killing one fox under the provisions of the act of assembly approved April 10, 1907, when he presented the certificate mentioned in the foregoing statement of facts to them, and that they have not been discharged or relieved from its performance by the passage of the act of general assembly approved July 25, 1913, then and in that case an order and decree shall be made and entered by the court granting and awarding a peremptory mandamus against the defendants, commanding and requiring them to issue the same to the plaintiff for the sum of $2.00, for killing the one fox mentioned in the foregoing statement of facts, otherwise the court is to enter judgment in favor of the defendants, costs to follow the judgment, order or decree, and each party reserves the right of appeal from such judgment, order or decree to the Superior or Supreme Court, either or both, of the commonwealth of Pennsylvania.

The right of plaintiff to recover in this case, arises entirely under and by virtue of the provisions of the act of April 10, 1907, providing for the payment of bounties, for the killing of noxious animals, and prescribing the manner of proof necessary to procure the same from the county, and the county in turn from the commonwealth.

It will not be denied, that if the act of April 10, 1907, is repealed by implication, by the act of July 25, 1913, the plaintiff has no case, as the following authorities establish: Com. v. Beatty, 1 Watts, 382; Abbott v. Com., 8 Watts, 517; Fenelon's Petition, 7 Pa. 173; North Canal Street Road, 10 Watts, 351; Com. v. Leech, 24 Pa. 55; Grim v. Weissenberg School Dist., 57 Pa. 433.

The act of July 25, 1913, provides for future cases, and of course, repeals all inconsistent laws; but this does not avoid the liability of the county under the

former act of April 10, 1907, as to rewards and bounties earned prior to July 25, 1913. Neither is there any language or provisions in the latter act, to indicate that the legislature intended any such application.

The liability of the county, in the first instance, has not been taken away, the form of procedure and remedies, are not changed. The liability, if any, under form, directed by the new act, where it applies, is the same as under the old law.

So far as wild cats, gray foxes and weasels are concerned, the latter act may be regarded as repealing the former. As to those killed after July 25, 1913, it provides for the payment of same bounties on wild cats and gray foxes, as the act of 1907, and on weasels increases the bounty from $1.00 to $2.00. It omits mink from its bounty list, but includes hawks and owls. The bounty claimed in this case, is for the killing of a fox, on January 1, 1913, and manifestly, the plaintiff's right to it, under the act of 1907, is not affected by the act of 1913.

The bounties for killing foxes before the act of 1913 was approved, must be paid just the same as if the latter act had never been passed. This act only deals with animals killed after its passage.

Implied repeals are not favored. If the two statutes can stand together, the latter does not abrogate the former: Erie v. Boots, 72 Pa. 196; Com. v. Vetterlein, 21 Pa. Superior Ct. 587.

The leaning of the court is strongly against repealing the positive provisions of a former statute by construction. To repeal the prior statute by implication, there should be such a manifest and total repugnancy in the provisions of the new statute as to lead to the conclusion that the latter abrogated, and was designed to abrogate the former: Hendrix's Account, 146 Pa. 285; In re Contested Election of Barber, Prothonotary, etc., 86 Pa. 392.

Where a late statute is absolutely repugnant to a former one only in part, it repeals the former one, only

so far as the repugnancy extends, and leaves all the remainder in force: In re Contested Election of Barber, Prothonotary, etc., 86 Pa. 392.

It has been said that an act repealing or anywise modifying the remedy of a party by action or suit, should not be construed to affect actions or suits brought before the repeal, or modification. Whilst this statement is probably too broad, it is nevertheless true, that, where the effect of the new legislation is not to take away the jurisdiction or right previously existing, nor to deny a remedy for its enforcement, substantially like the one previously allowed, but merely to change the remedy, the right and the jurisdiction continuing under the former, directed by the new act, where it applies, or else under the old law: Endlich on Interpretation of Statutes, sec. 482.

Where a proceeding founded upon one act of assembly, is commenced, and while pending another act is passed, taking away the jurisdiction, the proceedings fail; but where the remedy only is changed, it continues under the form directed by the new act, where it applies, or else under the old law: The Hickory Tree Road, 43 Pa. 139; Uwchlan Township Road, 30 Pa. 156.

There is but slight difference between the act of April 10, 1907, and the act of July 25, 1913.

Section 1 of the act of July 25, 1913, fixes the amount of the reward or bounty, to be paid for each wild cat, and for each fox, the same as the act of April 10, 1907; for each weasel, it doubles the amount of the bounty, and omits all bounties for killing of minks, and also provides for each goshawk or sharp shinned hawk, the sum of fifty cents, and for each gray horned owl, the sum of fifty cents.

Sections 2 and 3 of above acts, are substantially the same in their provisions. Section 4 of the act of July 25, 1913, provides for the payment of the bounty by the state, out of the funds realized from hunters' licenses. The same section of the act of 1907, required

an appropriation by the legislature, to reimburse the different counties. This is substantially the only difference there is, between these two sections, in the different acts.

Section 5 of the two acts, relates to the penal provisions for violation of the act, and while they do not read alike, yet the provisions are substantially the same. Therefore, we cannot see wherein the act of July 25, 1913, is in any way repugnant to the act of April 10, 1907, so far as bounties for killing foxes prior to July 25, 1913, are concerned. While sec. 1 extends the provisions of the bounty to noxious birds, and increases the bounty upon weasels, yet the procedure provided in secs. 2 and 3 of the act of 1913, is really a reenactment of the provisions contained in the act of 1907. The form of proof, and the liability of the county, in the first instance, is the same.

The act of 1907, required an appropriation from the legislature, to reimburse the counties, for the money paid out, and the act of 1913, provides that the counties shall be reimbursed from the money received by the state, from hunters' licenses. Therefore, we can see no repugnance between the two acts.

While it is true that for all noxious animals killed prior to July 25, 1913, the party claiming the bounty must proceed under the act of 1907, and for all noxious animals killed after the approval of the act of 1913, proof must be made under the provisions of the latter act, yet in each instance, the liability of the county is the same and the form of the records, and the requisition of the county, upon the state, for reimbursement, is substantially the same. All the difference there is, the state reimburses the county from a different fund than it did under the act of 1907.

The more natural, if not necessary inference, in all such cases, is that the legislature intended the new law to be auxiliary to and in aid of the purposes of the old law. There should therefore be such a manifest

and total repugnancy in the provisions of the new law, as to lead to the conclusion that the latter abrogated, and was designed to abrogate the former: Hendrix's Account, 146 Pa. 285.

There appears to be no such repugnancy between the provisions of the act of 1913, and those of the act of 1907, so far as bounties for killing foxes prior to July 25, 1913. These two acts may well stand together. They are not inconsistent, at least to this extent.

We are therefore of the opinion, that the act of July 25, 1913, P. L. 1036, does not repeal the act of April 10, 1907, either by express provisions, nor by implication, so far as the claim of the plaintiff in this case is concerned, for the bounty for the killing of one fox, on January 1, 1913.

The sole purpose of the act of July 25, 1913, as we view it, was undoubtedly to extend the law to cover certain noxious birds, and to raise the bounty on weasels, from $1.00 to $2.00, and to discontinue the bounty on mink, and to provide a permanent fund, out of which the counties could be reimbursed, by the state. The legislature surely knew of the existence of the act of April 10, 1907, and if it intended the repealing of the act of 1907, it could easily have provided for its repeal. The whole naturally, if not necessary inference in all such cases, is that the legislature intended the new law to be auxiliary to and in aid of the purpose of the old: Com. v. Vetterlin, 21 Pa. Superior Ct. 587.

And now, to wit: June 24, 1914, upon consideration of the foregoing facts, we are of the opinion that the plaintiff is entitled to recover in this case, from the county of Bradford, the $2.00 claimed for the bounty for one fox killed on January 1, 1914.

It is therefore ordered, that a peremptory writ of mandamus issue in the above case, directed against the defendants as county commissioners of Bradford county, requiring them to issue to the plaintiff, an order upon the county treasurer of Bradford county, Pa., for $2.00

504    ARMSTRONG *v.* BIRD, Appellant.

Opinion of Court below—Opinion of the Court.    [59 Pa. Superior Ct.

bounty, due and payable to him, for the killing of one fox, on June 1, 1913, as required by the provisions of the act of assembly of the commonwealth of Pennsylvania, approved April 10, 1907, and that the county of Bradford pay the costs.

*Error assigned* was the judgment of the court.

*Rodney A. Mercer*, county solicitor, for appellants.— We allege the Act of July 25, 1913, P. L. 1036, repeals the Act of April 10, 1907, P. L. 60; Com. v. Fayette County R. R. Co., 55 Pa. 452; Bourguignon B. Assn. v. Com., 98 Pa. 54; Quinn v. Cumberland County, 162 Pa. 55; Com. ex rel. v. Weir, 165 Pa. 284; Fenner v. Luzerne County, 167 Pa. 632; Harrisburg v. Harrisburg Gas Co., 219 Pa. 76; Reading v. Shepp, 2 Pa. Dist. Rep. 137; Felts v. Del., Lack. & Western R. R. Co., 195 Pa. 21; Emsworth Boro., 5 Pa. Superior Ct. 29; Com. v. Bowman, 35 Pa. Superior Ct. 410; Clarion County v. Clarion Twp., 222 Pa. 350.

*J. Roy Lilley*, with him *I. McPherson, Wm. P. Wilson* and *Mial E. Lilley*, for appellee.—It was the duty of the appellants to have issued the order for the payment of the bounty: Brink v. March et al., 53 Pa. Superior Ct. 293; Isenberg v. Black et al., 53 Pa. Superior Ct. 300; Carpenter v. Hutchinson, 243 Pa. 260; Long v. Phillips, 241 Pa. 246; Com. v. Brown, 210 Pa. 29; Com. ex rel. v. DeCamp, 177 Pa. 112; Homer v. Com., 106 Pa. 221; Sifred v. Com., 104 Pa. 179.

OPINION BY ORLADY, J., April 19, 1915:

The case stated presented purely legal questions for disposition by the court below, and they have been so clearly and satisfactorily considered in the opinion of Judge MAXWELL that it is not necessary to add anything further on the question involved. See Com. v. Dickinson, 57 Pa. Superior Ct. 380.