## Swissvale Borough.

*Boroughs—Annexation of land—Statutes—Repeal of statutes—Acts of May 11, 1901, P. L. 177, and June 1, 1915, P. L. 664.*

Where proceedings are instituted under the Act of May 11, 1901, P. L. 177, and a decree is entered separating land from a borough and annexing it to another borough, and this decree is opened to permit exceptions to be filed to the findings of fact and conclusions of law, but before any disposition is made of such exceptions and before an auditor is appointed to adjust the fiscal matters as provided by Section 3 of the act, the Act of June 1, 1915, P. L. 664, is passed, repealing the Act of May 11, 1901, P. L. 177, an order entered after the date of the repealing act, reinstating the original decree, has no effect, inasmuch as the whole proceeding falls, in the absence of a final decree, with the repeal of the act.

Proceedings which depend for their validity on a statute fall when the statute is repealed, unless such proceeding has ripened into a judgment or final decree.

Argued April 13, 1916.    Appeal, No. 45, April T., 1916, by Swissvale Borough, from order of Q. S. Allegheny Co., Sept. T., 1914, No. 17, In re Petition of the Inhabitants and owners of Real Estate of a portion of the Borough of Swissvale known as Wilkins Place for Annexation to the Borough of Edgewood.    Before OR-LADY, P. J., HENDERSON, KEPHART, TREXLER and WIL-LIAMS, JJ.    Reversed.

Petition for annexation of territory to a borough.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court as follows:

"Now, to wit, the 7th day of June, A. D. 1915, the exceptions filed, ex parte, respondent in the above entitled case to the findings of fact and conclusions of law heretofore filed, having been duly considered, are hereby dismissed, and it is ordered that the final decree heretofore entered on March 10th, A. D. 1915, in the above entitled matter be closed, and reinstated as of March 10, 1915, saving, however, to the respondent any right which may exist to appeal from the dismissal of respondent's exceptions to the findings of fact and conclusions of law, and from the final decree."

*S. J. McKim*, with him *J. F. Mayhugh*, for appellant.—The general rule of law is that whenever the jurisdiction exercised in proceedings depends wholly upon statute, and that statute is repealed, the jurisdiction of the court is gone, and with it the whole proceedings, imperfect at the time of the repeal, falls to the ground unless there is a reservation as to pending actions: Fenelon's Petition, 7 Pa. 173; Hickory Tree Road, 43 Pa. 139; North Canal Street Road, 10 Watts 351; Lawrence County v. New Castle City, 18 Pa. Superior Ct. 313; Washington Borough, 26 Pa. Superior Ct. 296.

*Robert E. Anderson,* with him *John A. Blair* and *Henry Russell Miller,* for appellees.—Opening a decree is not setting it aside, and the decree does not by such an order lose its force and dignity as a final decree until the matters for which it is opened are finally determined adversely and the decree set aside: Huston Township Ins. Co. v. Beale, 110 Pa. 324; Potts v. Harmer, 19 Pa. Superior Ct. 252.

The decree of March 10, 1915, being a final decree on June 1, 1915, the proceedings did not fall with the repeal of the act upon which they were founded, because proceedings which have ripened into judgment are not destroyed by the repeal of the statute upon which the jurisdiction of the trial court depends: Bechtol v. Cobaugh, 10 S. & R. 120; Grim v. Weissenberg, 57 Pa. 438.

OPINION BY KEPHART, J., July 18, 1916:

Proceedings which depend for their validity on a statute fall when the statute is repealed, unless such proceeding has ripened into a judgment or final decree: Lawrence County v. City of New Castle, 18 Pa. Superior Ct. 313; In re Washington Borough App., 26 Pa. Superior Ct. 296.

The Act of May 11, 1901, P. L. 177, empowered Courts of Quarter Sessions to cut off territory separated from the main portion of a borough or township by a natural or artificial barrier, and annex such territory to another borough or township contiguous thereto; it provided the procedure and the decree necessary therefor, and Section 3 takes care of the adjustment of fiscal matters after the decree of annexation.

A petition of a portion of the inhabitants of the Borough of Swissvale, setting forth sufficient statutory reasons, was presented to the court below praying that the land embraced in the petition be annexed to the Borough of Edgewood. After hearing the court on March 10, 1915, entered a decree that the described portion of land "be stricken off from the Borough of Swissvale and be

annexed to the Borough of Edgewood." This was a defi-
nite decree of so much of the act relative to annexation,
but the act further provided in Section 3 that an auditor
be appointed to adjust fiscal matters between the munic-
ipalities affected by the order.   Before anything was at-
tempted under this section, on March 25th the Borough
of Swissvale, by petition, asked that this decree of
March 10th "be opened and set aside," and that they be
permitted to file exceptions.   The court opened the de-
cree and "set it aside," exceptions were then filed by the
Borough of Swissvale, which on June 7th were dismissed.
In the decree of June 7th, the court ordered "that the
final decree heretofore entered on March 10, A. D. 1915,
in the above entitled matter, be closed and reinstated as
of March 10, 1915, saving, however, to the respondent
any right which may exist to appeal."   On June 1, 1915,
the legislature repealed the Act of May 11, 1901, under
which these proceedings had been instituted, without
providing any legal machinery or method of procedure to
carry into effect or complete the proceedings instituted
and uncompleted under this act.

The learned counsel for the appellee earnestly con-
tends that the decree of March 10, 1915, should be treated
as a final decree, and that it is analagous to a judgment,
the opening of which does not disturb the integrity of
the judgment, but preserves all its incidents as such, with
the exception of the possibility that it may be defeated
through an adverse termination of the proceeding under
which it was opened.   Section 2 of the Act of 1911 un-
doubtedly gave the court power to enter the decree of
March 10th, and it is also unquestioned that courts
within term time have an inherent power to open or set
aside their decrees or judgment: Pennsylvania Stave Co.
App., 225 Pa. 178.

In this respect decrees of the court confirming the re-
port of viewers in road cases, division of townships and
statutory proceedings like the one under consideration,

have not the same degree of solemnity as judgments entered after trial: In re Nescopeck Bridge, 120 Pa. 288.

The petition to open the decree was presented within term time; and the reasons there given were sufficient to cause the court to act. We are not advised from the record what rules of practice were infringed when the decree of March 10th was made, but the court had power to establish a practice under Section 2 of that act. Whether it was from a desire to be heard more fully on the merits of the application, it being within term time, or because of the violation of this rule of practice, does not appear. The decree was not only opened, but it was set aside. We will treat it as in effect a nisi decree.

When the repealing Act of June 1, 1915, was enacted by the legislature, it found these proceedings without a final decree or judgment. The entire Act of 1901 was swept away, and under the authorities it left the proceeding without a scrap of statutory authority on which to stand or proceed. It derived life from a statute, and by statute alone could it be sustained. The court could not, after the act was repealed, enter a retroactive decree to avoid the consequences of the repealing statute.

There is another objection which appellee must meet. Section 3, of the Act of 1901, was intended to equalize the burdens of indebtedness caused by a decree of annexation. When the Act of 1901 was repealed, this vested right was taken away. There is no rule at common law which would secure to the borough whose territory is taken away, the equity contemplated by the third section of the Act of 1901. There are no other acts which have been called to our attention which would secure this right. To sustain this proceeding because of the decree of March 10th would not secure to the Borough of Swissvale compensation for the property taken. The Act of 1901 could not, in the face of the repealing Act of 1915, be kept in force until this right was determined.

We need not consider the effect of the Borough Code.

Opinion of the Court. [64 Pa. Superior Ct.

This code did not go into effect until July 1, 1915, though enacted before the repealing act above mentioned. We are forced to the conclusion that the court was without power to enter a decree of annexation.

The decree of the court below is reversed and the proceedings are dismissed.