## Mintz v. Scowden, Appellant.

*Bounties—Noxious animals—Definition of bounty—Words and phrases—Statutes—Repeal—Acts of April 10, 1907, P. L. 60, and April 15, 1915, P. L. 126.*

A bounty has been defined as signifying a sum of money paid, or a premium offered to encourage or promote an object, or procure a particular act or thing to be done. It is not a mere gratuity but has every element of a contract when the services prescribed within the act are performed.

Where noxious animals for the killing of which a bounty was offered by the Act of April 10, 1907, P. L. 60, have been actually killed, the bounty has been earned and a contractual right established, which cannot be taken away before the bounty is paid, by the repeal of the Act of 1907, by the Act of April 15, 1915, P. L.

126. Such a contractual right is protected by the constitutional provision forbidding legislation which violates the obligation of contracts.

There is nothing in the Act of April 15, 1915, P. L. 126, which substantially reënacted the portions of the earlier act relating to bounties which indicates an intention of the legislature to divest rights which had accrued under the earlier act.

Argued April 10, 1917. Appeal, No. 133, April T., 1917, by defendant, from order of C. P. Forest Co., May T., 1916, No. 9, awarding mandamus in case of David Mintz v. J. C. Scowden, W. H. Brazee and Reed M. Brenneman, Commissioners of Forest County. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Petition for mandamus.

From the record it appeared that the petitioner presented to the county commissioners for payment 212 "scalp certificates" for the killing of noxious animals as provided by the Act of April 10, 1907, P. L. 60. The commissioners refused to pay the certificates on the ground that the Act of 1907 had been repealed by the Act of April 15, 1915, P. L. 126. The later act was passed between the time the animals were killed and the date of the presentation of the certificates to the commissioners. The court in an opinion by HINCKLEY, P. J., awarded the mandamus.

*Error assigned* was the order of the court.

*A. C. Brown,* for appellants.—When an act of assembly is repealed all proceedings founded upon it which have not ripened into judgment must fall: Lawrence County v. New Castle, 18 Pa. Superior Ct. 313; Armstrong v. Bird, 59 Pa. Superior Ct. 497; Washington Borough, 26 Pa. Superior Ct. 296; Tressler v. County Commissioners, 24 Dist. R. 623; Keener v. Fouch, 16 Pa. C. C. R. 207; Commonwealth v. Brown, 7 Dist. R. 117.

*M. A. Carringer,* for appellee, cited: Pacific Mail Steamship Co. v. Joliffe, 2 Wallace (U. S.) 450.

OPINION BY KEPHART, J., October 8, 1917:

This is an appeal from a decree directing the commissioners of Forest County to pay scalp bounties. The claims arose under the Act of April 10, 1907, P. L. 60. Between the time the animals were killed and the date of presentation of the justice's certificate to the commissioners and demand for payment, the Act of 1907 was repealed by the Act of April 15, 1915, P. L. 126. It is the contention of the commissioners that by the repeal all proceedings founded on the Act of 1907, not ripened into judgment, must fall: Lawrence County v. New Castle, 18 Pa. Superior Ct. 313; Armstrong v. Bird, 59. Pa. Superior Ct. 497; Washington Borough, 26 Pa. Superior Ct. 296.

This rule of law does not apply to rights which arise from a contract, or transactions in the nature of a contract authorized by a statute. An act of the legislature which would impair the obligation of a contract is of no effect. A bounty has been defined as signifying a sum of money paid, or a premium offered, to encourage or promote an object or procure a particular act or thing to be done: Fowler v. Danvers, 8 Allen (Mass.) 80. In the sense as used in the Act of 1907, it is a money premium to persons performing certain specified services for the public good. It is not a mere gratuity, but has every element of a contract when the services prescribed by the act are performed. The Commonwealth offers a certain sum of money for the performance of a definite service. The offer was made generally to all citizens, and when an individual has emerged from that body and accepts the Commonwealth's offer by rendering the service called for, the contract is complete. It is not complete and no liability comes from the offer until the service mentioned in the act has been fully performed. The fact that an individual has incurred some

expense in preparing to earn the bounty will not create liability under the offer. It is not contended that the bounty act could not be repealed. It is a mere offer and like all offers in contractual relations it may be withdrawn by a repealing statute: Welch v. Cook, 97 U. S. 541; 4 Ruling Case Law 139. This right to withdraw the offer continues until the moment the offer is definitely accepted by performance, but when the offer has been accepted by the act of performance, it creates in the acceptor a vested right to the money the State promised to pay. It is bound by its contract, and while a repealing law may affect future service, it cannot disturb the rights that were founded on a contract when it was passed: Art. I, Sec. 10, of the Constitution of the United States; Art. I, Sec. 17, of the Constitution of Pennsylvania; Pacific Mail Steamship Co. v. Joliffe, 2 Wallace (U. S.) 450; East Saginaw Salt Mfg. Co. v. East Saginaw, 13 Wall. 373. "Bounties are sometimes offered......; and when the terms of the offer are accepted, a contract exists; but a bounty law may be repealed at any time as to anything that may accrue thereafter": Cooley's Principles of Constitutional Law, page 314. A repealing statute will not abolish all rights and remedies under the repealing act if the legislature did not intend to abolish them: Commonwealth v. Mortgage Trust Co., 227 Pa. 163; Pacific Mail Steamship Co. v. Joliffe, supra. The repealing Act of April 15, 1915, P. L. 126, substantially reënacts parts of the Acts of 1907 and 1913 with respect to these bounties. It was not the intention of the legislature to divest those rights which had accrued at the time the repealing act was passed, and if the Act of 1915 embraces so much of the Act of 1907 as to recognize the continuing liability of the State for the service performed, this reënactment would have the effect of continuing the provisions of the repealed act in active operation so that all the rights and liabilities incurred thereunder may be preserved and enforced: Haspel v. O'Brien, 218 Pa. 146. For this reason alone

appellants' contention could not be sustained.   In Brink v. Marsh, 53 Pa. Superior Ct. 293, we held that because the legislature had made no appropriation to reimburse the counties for money expended by them in paying these claims, this would not relieve the county from paying a claim made under this act; and the county will not be relieved from liability because the bounty act was repealed before payment but after acceptance.  The county is but a political subdivision of the Commonwealth, and its liability is coextensive, under the circumstances, with the State.   The State might have imposed entire contractual liability on the county through such service and when that act was repealed the county would still be liable if such service had been rendered prior to the repeal of the act.

The court did not err in directing the mandamus to issue.   The certificate contains all the information necessary under the act.   The assignments of error are overruled and the decree of the court below is affirmed.