# Moffitt *v.* United States Shipping Board Emergency Fleet Corporation, Appellant.

*Contracts—Employer and employee—Leave of absence with pay—Right to change regulations—Affidavit of defense—Sufficiency.*

Though a contract of employment provides for "leave of absence with pay" dependent on the period of employment, the employee's right thereto may be changed as to the future by the employer on reasonable notice to the employee, who may accept the change expressly or by implication. The change may not be made in such way as to deprive the employee of the leave of absence with pay to which he was entitled at the time of the change. An employee who then declines to accept and leave the employment may recover wages for the leave then to his credit.

Argued October 20, 1922. Appeal, No. 184, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, March T., 1922, No. 320, in favor of plaintiff for want of a sufficient affidavit of defense, in the case of H. L. Moffitt v. United States Shipping Board Emergency Fleet Corporation. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for wages. Rule for judgment for want of a sufficient affidavit of defense. Before CASSIDY, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense and entered judgment for plaintiff in the sum of $232.79. Defendant appealed.

VOL. LXXX—6

Assignment of Error—Opinion of the Court. [80 Pa. Superior Ct.

*Error assigned* was the judgment of the court.

*Wm. Y. C. Anderson,* and with him *George W. Coles,* United States Attorney, for appellant.—The offer of a bounty is subject to be repealed at any time except as to so much as has been earned before the repeal: Manufacturing Co. v. East Saginaw, 19 Mich. 259; 12 Wall. 373.

*Francis J. McCarthy,* and with him *J. Washington Logue,* for appellee.—A bounty earned is a vested right: Mintz v. Scowden, 68 Pa. Superior Ct. 228; Fowler v. Danvers, 90 Mass. 80; Calder v. Henderson, 54 Fed. 802.

The claim in this case is more than a bounty: Downs v. U. S., 113 Fed. 144.

It is more in the nature of a bonus: Kennicott v. Wayne County, 83 U. S. 425.

OPINION BY LINN, J., November 23, 1922:

Plaintiff sued for a balance of wages claimed pursuant to a regulation of defendant prescribing for its employees what it called "leave of absence with pay." He was employed on September 28, 1918, to work at Philadelphia. At that date the regulation provided that "employees may be granted leave of absence with pay at the rate of 2½ days for each calendar month of service." On January 22, 1919, the first change in the regulation during plaintiff's employment was made, limiting such leave to "30 days for each service year," and providing that "unconsumed leave with pay that has accrued within a given service year, may be granted in the next or succeeding service years, in addition to the leave with pay which has accrued in such succeeding year or years, provided that the sum total granted at any one time shall not exceed 30 days." On October 10, 1919, a second change was made providing that "neither annual nor sick leave shall be cumulative beyond each calendar year." This was modified by a third change

on November 13, 1919, providing that certain employees, among them plaintiff, "shall be granted, upon the termination of their services......after January 1, 1920, such cumulative leave with pay as would be then due [under prior regulations] not to exceed 30 days altogether."

On November 6, 1920, a fourth modification was announced that "leave not granted during one calendar year will not be carried over into the succeeding year," and on November 19, 1920, by a fifth change, the fourth modification was rescinded. On December 9, 1921, a sixth modification was announced providing "No annual leave is cumulative beyond the end of any calendar year."

It will be observed, therefore, that when the employment began, the leave was at the rate of 2½ days a calendar month with no maximum; the first change established a maximum of 30 days per service year, with the right to take unconsumed leave in succeeding years, not exceeding 30 days at a time. On October 10, 1919, and on November 6, 1920, changes were announced requiring the leave to be taken during the calendar year but in both instances, this change was rescinded within a short time as has appeared, leaving effective for present consideration the change of November 13, 1919.

We are concerned, then, with the effort of December 9, 1921, (the third during plaintiff's employment) to limit enjoyment of earned leave to the calendar year. On December 20, 1921, plaintiff resigned. He avers he set "forth in accordance with the rules and regulations of the defendant corporation then in force and effect, the effective date of his resignation as the eighth of February, A. D. 1922, to wit: thirty (30) working days after the date of actual separation from the employ of the defendant corporation, the 30th day of December, A. D. 1921." The resignation was accepted and plaintiff was paid up to December 30th, the defendant declining to pay for any part of the period of thirty days' cumu-

lative leave with pay to which plaintiff claims he was entitled.

This suit is for his wages for that period of thirty days, upon the ground that he had earned that leave with pay, with the right to take it at will. The affidavit of defense admits the facts here stated. Judgment for want of a sufficient affidavit was entered.

Briefly, the defense alleged was (1) the hiring of plaintiff was not for the defendant but as agent for the United States; (2) it was discretionary with defendant to grant or refuse leave with pay and accordingly there was no liability; (3) the suit is substantially one against the United States and therefore not within the jurisdiction of the court.

The first and third points are without merit under Sloan Ship Yards Corporation v. U. S. Shipping Board, 42 Sup. Ct. Rep. 386, and Sullivan v. Shipping Board, 76 Pa. Superior Ct. 30, 34-35, and do not now require discussion.

The remaining defense, that it was discretionary to grant or refuse leave with pay, we cannot accept. By remaining at work after January 1, 1920, plaintiff became a beneficiary under the regulation of November 13, 1919, stipulating that he should have "cumulative leave with pay" not limited to the calendar year and not exceeding 30 days altogether. There was nothing discretionary about it; certain employees "shall be granted ......cumulative leave......"; by that regulation defendant made a firm offer of something substantial to employees who had entered its service prior to January 1, 1919, who should remain after January 1, 1920. Plaintiff performed what the defendant required as a condition of earning the leave specified; he was not obliged to remain at work; his doing so was sufficient consideration to fix defendant's obligation (Potter v. Hartnett, 148 Pa. 15, 19). He may enforce that obligation unless he has surrendered it expressly or by implication. He could surrender it by submitting to a

change in the regulations made in a reasonable manner and after reasonable notice if he continued at work without taking the leave to which he had become entitled. The learned counsel for appellant in his argument designates leave with pay as a bounty. We do not consider it a bounty, but if it is, it must be treated accordingly, and it is settled that after a bounty prescribed by statute has been earned, the repeal of the statute before payment will not deprive the beneficiary of the bounty: Mintz v. Scowden, 68 Pa. Superior Ct. 228. The change of November 6, 1920, abolished less than two weeks later, did not deprive plaintiff of his right. We have then a record with an employee who is entitled to thirty days' leave with pay, on December 9, 1921, when his employer changes the regulation by providing that "No annual leave is cumulative beyond the end of any calendar year." As there had not previously been a requirement that plaintiff must take his leave in the calendar year, and as he was entitled to take thirty days, he could not take the thirty days in what was left of the calendar year 1921, so that the fair interpretation of the rule, and of the intention of the employer in promulgating it, would be that it did not apply to him at all, for if it had been intended to apply to him or to others who were then in position to take leave which they had earned, provision would have been made in the regulation for such cases. At all events, whether or not the rule was intended to apply to him, he declined to surrender what he had earned, tendered his resignation to be effective on December 30th and demanded his thirty days' leave, all, as the affidavit of defense admits "in accordance with the rules and regulations of the defendant . . . . . ." The defense stated is insufficient.

Judgment affirmed.