## Kern v. Kern

*Allan K. Grim* and *Stevens & Lee*, for plaintiff.
*John W. Speicher*, for defendant.

MAYS, J., December 7, 1944.—On March 9, 1926, while the parties hereto were intermarried, they acquired title to property 243 East Walnut Street, Kutztown, Pa., as tenants by entireties. While still owning the property in the same manner, plaintiff obtained a divorce from defendant on April 3, 1944. Since the time of the divorce, defendant has occupied the property to the exclusion of plaintiff, and has paid her no rent therefor.

Plaintiff, after alleging the marriage of the parties, the acquiring of the property in question, and the subsequent granting of a divorce, alleges specifically that she has requested defendant to join with her in a sale of the property in order that the proceeds thereof could be divided, but that defendant has refused so to do; and, again, that defendant has been living in said property and has been paying plaintiff no rent for the use of said property.

Plaintiff prays for the appointment of a trustee to sell the property so that the proceeds may be divided between the parties "in conformity with the provisions of the Act of Assembly of 1925, P. L. 649, and also that defendant be ordered to account and to pay over to plaintiff half the reasonable rent for said property . . . since November 13, 1943".

The answer, after admitting the marriage, the acquiring of the property in the manner averred by plaintiff, and the divorce, denies that plaintiff is entitled to partition, specifically averring "that the Act of Assembly of 1925, P. L. 649, was repealed by the Act of May 10, 1927, P. L. 884".

### Findings of fact

1. The parties are residents of the Borough of Kutztown, Berks County, Pa.

2. On March 9, 1926, plaintiff and defendant, being then intermarried, acquired title as tenants by entireties to the property 243 East Walnut Street, Kutztown, Pa. They are still the owners thereof.

3. The parties executed a mortgage which is a lien upon the property in the sum of $1,100, on which there is a present balance of $600.

4. On April 3, 1944, plaintiff obtained a divorce from defendant.

5. Since plaintiff obtained a divorce from defendant she has asked defendant to join her in a sale of the property in order that the proceeds thereof could be divided, but defendant has refused plaintiff's request.

6. Since the time of the divorce on April 3, 1944, defendant has been living in said property, 243 East Walnut Street, Kutztown, Pa., and paying plaintiff no rent, although requested so to do by plaintiff.

7. A reasonable rent for this property is $20 a month.

### Discussion

The question in this case is: Can relief be granted to a divorced spouse in accordance with the provisions

of the Act of May 13, 1925, P. L. 649, where title to the property was acquired by plaintiff and defendant, then married, between the enactment of the Act of 1925 and the Act of May 10, 1927, P. L. 884?

The Act of 1925 provided:

"That whenever any husband and wife now or hereafter holding property as tenants by entireties have been divorced either of such tenants by entireties may bring suit in the court of common pleas sitting in equity of the county where the property is situate against the other to have the property sold and the proceeds divided between them."

In Clements v. Kandler, 9 D. & C. 310, we think it was correctly held that the provisions of the act as to a husband and wife "now or hereafter holding property" were severable, and that notwithstanding the fact that the Act of 1925 was inoperative insofar as it undertook to affect estates vested at the time of passage of the act it was entirely valid as to estates which vested after its passage.

The Act of 1927, while it does state that the Act of May 13, 1925, P. L. 649, "is hereby repealed, saving proceedings instituted under its provisions", is a substantial reënactment of what we have above quoted as being the Act of 1925.

In Mertz v. Mertz, 139 Pa. Superior Ct. 299, the Superior Court said (at p. 302):

"On the other hand, plaintiff could not compel the partition of the real estate acquired by herself and defendant as tenants by entireties prior to the Act of May 10, 1927, P. L. 884, §1, 23 PS §94. Real estate held by tenants by entireties prior to that act is not a subject of partition although the parties are subsequently divorced."

Defendant argues that this is such a pronouncement that it should control our decision here. With this we cannot agree.

In the Mertz case it appeared that the title to the property involved was acquired by the parties prior to

the enactment of the Act of 1925. This being so, that act was inoperative (see Ebersole v. Goodman, 7 D. & C. 605), and for the same reason the Act of 1927. Here, however, the property was acquired after the enactment of the Act of 1925, which act was applicable (see Clements v. Kandler, supra).

The parties here, when they acquired their property in 1926, were concerned with the statute law which appertained to it. One of the incidents which attached to a property acquired by the entireties in 1926 was a right of either spouse to have the property sold and the proceeds divided after divorce. This was a very valuable property right, as the present case shows. If we understand defendant's contention to be that the Act of 1927 repealed the Act of 1925, with the result that the Act of 1925 was no longer in effect, then it may well be said that plaintiff in the present case would be deprived of a constitutional right without due process of law. Defendant's main contention, however, appears to be that the Act of 1925 was repealed and that all proceedings founded upon it which had not been instituted before its repeal must fall. If the Act of 1927 could be so construed, it must be borne in mind that the principle relied upon by defendant is subject to the limitation that the repealing act must not impair the obligation of contracts: Lawrence County v. City of New Castle, 18 Pa. Superior Ct. 313, cited with approval in Mintz v. Scowden, 68 Pa. Superior Ct. 228. What was said by Kephart, J., in the last cited case, at page 231, is very significant in the light of what are the facts in the instant case:

"A repealing statute will not abolish all rights and remedies under the repealing [sic] act if the legislature did not intend to abolish them. . . . The repealing Act of April 15, 1915, P. L. 126, substantially re-enacts parts of the Acts of 1907 and 1913 with respect to these boundaries. It was not the intention of the legislature to divest those rights which had accrued at the time the repealing act was passed, and if the Act

of 1915 embraces so much of the Act of 1907 as to recognize the continuing liability of the State for the service performed, this reënactment would have the effect of continuing the provisions of the repealed act in active operation so that all the rights and liabilities incurred thereunder may be preserved and enforced."

As already pointed out, a comparison of the provisions of the Acts of 1925 and 1927 clearly shows that the later act is nothing more than a substantial reenactment of the earlier. This being so, the rights and liabilities incurred under the earlier law are preserved and may be enforced.

"It seems, indeed, to be the general understanding that the reënactment of an earlier statute is a continuance, not a repeal of the latter, even though the later act expressly repeals the earlier. . . . But even a repealing act reënacting the provisions of the repealed statute, in the same words, is construed to continue them in force without intermission": Endlich on Interpretation of Statutes, sec. 490, pp. 693-4.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. VI, sec. 82, 46 PS §582, provides:

"Whenever a law is repealed and its provisions are at the same time reënacted in the same or substantially the same terms by the repealing law, the earlier law shall be construed as continued in active operation. All rights and liabilities incurred under such earlier law are preserved and may be enforced."

In Bell v. Abraham, 343 Pa. 169, it was held (syllabus) :

"Where a statute is repealed and its provisions are at the same time reënacted by the repealing act, the effect is that the earlier statute is not in fact repealed, but its provisions continue in active operation, so that all the rights and liabilities incurred thereunder are preserved and may be enforced."

To the same effect are Erie v. Piece of Land, 339 Pa. 321, and Commonwealth v. McNamara, 93 Pa. Superior Ct. 267.

In Cooper, Guardian, v. Niemeyer, 50 D. & C. 634, the parties, then husband and wife, acquired a property on June 4, 1926. On October 2, 1941, they were divorced. Levinthal, J., in a very interesting discussion of this matter said (at p. 640):

"Hence, as applied to titles such as the one here involved, acquired after the enactment of the Act of 1925 and before the passage of the Act of 1927, the former act must be regarded as still in full force and effect."

### Conclusions of law

1. The property 243 East Walnut Street, Kutztown, Pa., was acquired by plaintiff and defendant, being then intermarried, as tenants by entireties.

2. After the divorce of plaintiff and defendant, the interest of each tenant was one half of the value of the property, and each tenant had a right to have the property sold and the proceeds divided between them.

3. A trustee should be appointed to sell the premises and make distribution of the net proceeds according to law.

4. The sum of $10 a month is due and owing from defendant to plaintiff from April 3, 1944.

5. Each party shall pay said party's own costs.